## Wytheville.

## ROBBINS v. WALKER.

June 8, 1916.

Absent, Cardwell, J.

1. DEED—*Description—Marsh Lands—Severance from Uplands—Riparian Rights—Case at Bar.*—The owner may sever his upland from the adjacent marsh land, and sell and convey either without the other. In the case at bar, the title papers under which the plaintiff claims show a complete severance of the upland from the marsh land lying in its rear, that the marsh land was intended to be a separate and distinct property, and that the upland only was conveyed to the plaintiff. Hence she cannot, by virtue of her deed of the upland only, which is accurately described, claim any portion of said marsh land.

Error to a judgment of the Circuit Court of the city of Norfolk, in an action of ejectment. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*J. Edward Cole* and *Fred C. Abbott,* for the plaintiff in error.

*Starke, Venable & Starke* and *R. E. Miller,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This is an action of ejectment in which the plaintiff, Alice V. Robbins, seeks to recover from the defendant,

Flavius B. Walker, a certain lot of land on the south side of High Street in the city of Norfolk. This land is described in the declaration as lot No. 73, fronting twenty-five feet on the south side of High street and extending back one hundred and fifty feet, and with all riparian rights as much further as the law allows. The property in controversy is marsh land, lying directly in the rear of lot No. 73, which the plaintiff claims she owns by virtue of the riparian rights attaching, as she insists, to lot No. 73. The controlling question to be determined, therefore, is whether or not the plaintiff acquired any rights, as a riparian proprietor, in the marsh land by reason of her ownership of lot No. 73. If, as contended by the defendant and decided by the circuit court, this marsh land was reserved and constituted no part of the plaintiff's purchase, then the jury could not have properly returned any other verdict than that which they found.

It is doubtless true that where lots are conveyed as described on a map of land, and that map shows the southern boundary of the lots conveyed to be a creek, there being in the deed no suggestion of any reservation or of the existence of any land owned by the grantor south of the creek, the grantee acquires the lots bounded by the creek with a right to all the accretions formed in the creek adjacent thereto. It is equally true that the upland and flats may be severed by the owner at his pleasure. He may alien the flats or any part of them without the upland, or the upland without the flats; and it will depend on the descriptive terms of the conveyance, embracing or excluding them, whether any and what part of them will pass. *Mahoney, &c.* v. *Friedberg, &c.*, 117 Va. 520, 85 S. E. 581.

It appears that in 1875 certain real estate, of which the land in dispute is a part, was divided into lots and

sold under a decree of the Corporation Court of the
city of Norfolk.    Before the sale, a plat was made of
these lots which was, under an order of the court,
duly recorded, and the lots were sold as shown and
defined on that plat.    The property which is the sub-
ject of this action was shown on this plat to be marsh
land lying directly in the rear of lot No. 73, as indi-
cated by the boundary on the plat.    An examination
of the plat clearly shows that the southern line of lot
No. 73 was intended to and did separate lot No. 73
from the marsh land lying between the said southern
line and Smith's creek, which creek constituted the
extreme southern boundary line of the whole tract of
land before it was laid off into lots.    That lot No. 73
was not intended to run back into the marsh land, or
to include any part of that land is further evidenced
by the fact, appearing from the plat, that a line is
drawn dividing the high land from the marsh at lot
No. 73, and the several lots on each side thereof, and
that the side lines of these lots are not prolonged into
the marsh, whereas, with respect to the property
fronting on the north side of High street and running
northerly to another creek, the side lines of the lots
are prolonged into the marsh land and the marsh is
in no way divided from the high land, indicating, we
think, clearly, an intention to part with the marsh or
a part thereof on the north side of High street and not
to do so on the south side of that street, for the reason,
no doubt, that the highland did not afford as much
depth for the lots on the north side as it did on the
south side.

The plaintiff's chain of title to lot No. 73 is as fol-
lows:  By deed dated June 28, 1880, Richard Walke,
commissioner, conveyed to Thomas Brady, "that cer-
tain lot, piece or parcel of land situated on the south

side of high street in the city of Norfolk, designated
and numbered as lot No. 73 on a plat of the property
sold in the aforesaid suit, which plat is recorded by
direction of the decree entered in said suit on the 14th
day of September, 1875, in deed book No. 54, p. 548,
in the clerk's office of the Corporation Court of the
city of Norfolk, the said lot fronting twenty-five feet
and running back to a depth of one hundred and fifty
feet."

On February 21, 1885, Thomas Brady and wife
conveyed the same lot, No. 73, to Cader W. Dozier,
repeating in his deed the same description contained
in the deed from Walke, commissioner, to himself,
referring to that deed and the plat for the description
given, and declaring the lot to be twenty-five feet
front and one hundred and fifty feet deep.    On August
12, 1887, Cader W. Dozier and wife conveyed to the
plaintiff, Alice V. Robbins, a portion of the same lot
by the same description, referring to the deed of his
grantor and the plat as the source of his title.    Sub-
sequently, on March 22, 1889, Dozier and wife con-
veyed to Alice V. Robbins all the rest and residue of
the said lot No. 73 not heretofore conveyed to her, as
well also all the right, title, interest and estate of him
the said Cader W. Dozier in and to the said lot, piece
or parcel of land, with all rights, privileges, immuni-
ties, water ways and appurtenances thereto belonging,
or in any wise appertaining.    This second deed from
Dozier completed in the plaintiff the ownership of the
entire lot No. 73 which was conveyed by Walke, com-
missioner, to Thomas Brady.

It is admitted that the plat is to be read as part of the
deeds through which the plaintiff claims title, and it is
equally true that the plaintiff is limited by the prior
conveyances, and is, so far as her true title is concerned,

bound by the deed from Walke, commissioner, to Brady. This deed conveys property fronting twenty-five feet on the south side of High street and running back one hundred and fifty feet, and describes it as lot No. 73 on the plat. The plat shows that the southern boundary line of lot No. 73 is one hundred and fifty feet from High street, which point plaintiff has shown to be between high and low water. The area south of this point is shown on the plat to be marsh land and the side lines of the lots are not prolonged into it. The plat, on its face, shows a complete severance of lot No. 73 from the marsh land lying in its rear, and that the marsh was intended to be a separate and distinct property.

Without considering any oral testimony in support of the defendant's contention in this case, but looking alone to the plat and deeds through and under which the plaintiff's title is derived, we are of opinion that it satisfactorily appears that Walke, commissioner, intended to and did convey one hundred and fifty feet in depth and no more, and that it was intended by the grantor to reserve the marsh land lying in the rear of lot No. 73, and not to sell or convey any part of it to the plaintiff or her predecessors in title.

In this view of the case it is unnecessary to consider other questions, the decision of which could not possibly benefit the plaintiff who, under the facts of this case, cannot recover in any event.

The judgment complained of must be affirmed.

*Affirmed.*