Graham, Judge,
delivered the opinion of the court:
The facts in this case are quite fully set forth in the findings and it is therefore unnecessary to review them here.
This is a claim for compensation for riparian or wharfage rights taken by the Government under the authority of the act of June 15, 1917, 40 Stat., 207, for the establishment of a naval operating base and authorizing the President to take over certain property near the city of Norfolk; Virginia, and all easements and riparian rights appurtenant thereto and make just compensation therefor. The property was taken over by the Government on the 28th of June, 1917, and the question is whether the plaintiff at that time possessed riparian rights for which it. was entitled to compensation.
The plaintiff claimed certain riparian rights, by virtue of its purchase from the commissioner of the court of Norfolk County, who sold them as the property of the Exposition Deepwater Pier Corporation, which had owned and operated a pier at that point during the period of the Jamestown Exposition. There is no question that the plaintiff owned and possessed all rights which the Exposition Deepwater Pier Corporation acquired by its purchase and possessed at the time of the conveyance to the plaintiff. The Exposition Deepwater Pier Corporation acquired its rights from the Norfolk-Hampton Roads Company by a deed conveying to it certain riparian rights, commencing on the western line of Hampton Roads Boulevard extending into the water a stated distance with a stated frontage on the bulkhead line and back to the western line of said Hampton Roads Boulevard. The rights conveyed to it were bounded, as will be seen, by a fixed monument which was a public highway known as Hampton Roads Boulevard. The grantor of these rights, the Norfolk- *439 Hampton Roads Company, after owning for a number of years a tract of land of about 100 acres, laid out and platted it into lots and streets and recorded tlie plat. The recording of the plat under the laws of Virginia was a dedication of the streets to public use. Said Hampton Roads Boulevard was one of these streets. On this plat was a legend as follows:
“ The strip of land or beach between Hampton Roads Boulevard and the water and all riparian rights are reserved to the company.”
This “ strip of land ” at the time was about 10 feet wide. The property being in the State of Virginia, the laws of that State control riparian rights. Weems Steamboat Co. v. Peoples Steamboat Co., 214 U. S., 345. The courts'of that State have held that riparian rights are property, in the soil up to the line of navigation, though covered by water, and not a mere easement to pass over the water. It is property in the soil to which to fasten and to build structures. City of Norfolk v. Cooke, 27 Gratt., 430. Also under the laws of Virginia the “ flats ” or lands covered by water, commonly known as riparian rights, can be severed from the upland or fast land and alienated, giving the vendee title thereto and property rights therein, Robbins v. Walker, 119 Va., 222, and the vendee of such flats or riparian rights thereby becomes the possessor of property which is valuable and can only be deprived of it in accordance with law and is entitled to just compensation when it is taken for public use. Taylor v. Commonwealth, 102 Va., 758.
It is important to bear in mind that there is no other claimant of these rights but the plaintiff. These rights are property and valuable, and at the time of the taking were owned and possessed by some one. It will be seen from the recital of title above that the source of title was the Norfolk-Hampton Roads Company, which, in platting these lots and locating Hampton Roads Boulevard, reserved therefrom a strip of land with all riparian rights. It conveyed these riparian rights to the Exposition Deepwater Pier Corporation and the plaintiff succeeded to the rights of the Exposition .Deepwater Pier Corporation under judicial sale. The shore line of the rights which were conveyed to the Exposi- *440 lion Deepwater Pier Corporation, and subsequently to the plaintiff, was fixed by and along the western line of Hampton Eoads Boulevard. Hampton Beads Boulevard by its dedication became a public highway and a fixed monument. While not open and graded, it was still a public highway at the time the Government took over this property, and consequently at that time a fixed monument. It is true that part of it was covered with water at low-water mark, but the greater part of it was not. The mere fact that it was partially covered with water did not destroy it or obliterate it as a street and a fixed monument.
It is therefore plain, if the Norfolk-Hampton Koads Company possessed riparian rights and conveyed them to the Exposition Deepwater Pier Corporation, that the plaintiff, as successor to that company, took riparian rights and possessed them at .the time the Government took over this property, for which he is entitled to .compensation.
It follows from this that the plaintiff possessed a property right at the time of the taking by the Government of this tract of land and is entitled to just compensation therefor, which has been found to be $10,000.
Hat, Judge; Dowistey, Judge; Booth, Judge; and Campbell, OMef Justice, concur.