# Staunton.

## ELLEN VANOVER v. D. B. HOLLYFIELD.

September 20, 1928.

The opinion states the case.

*A. N. Kilgore,* for the plaintiff in error.

*W. W. G. Dotson,* for the defendants in error.

WEST, J., delivered the opinion of the court.

Ellen Vanover, plaintiff, filed a petition against D. B. Hollyfield and Mabel Hollyfield, defendants. under section 5490 of the Code of Virginia, to ascertain and designate the true boundary line between the lands of the plaintiff and of the defendants. The first trial, in 1925, resulted in a judgment establishing the boundary line in accordance with the contention of the defendants. Upon a writ of error this court reversed the judgment for error in the instructions and remanded the case for a new trial. *Vanover* v. *Hollyfield, et als.,* 145 Va. 749, 134 S. E. 548.

On the second trial, the verdict and judgment were again for the defendants. The plaintiff complains of that judgment.

The parties derive their titles from a common source, namely, W. M. Hamilton, who owned a tract of land, containing 221.15 acres. On March .2, 1907, Hamilton and wife conveyed this land to James A. Dotson. Dotson and wife conveyed an undivided one-half interest in the land to E. B. Cantrell. Dotson and Cantrell divided the land and Dotson and wife, by deed dated October 8, 1907, conveyed to Cantrell, by metes and bounds, 110 acres as his one-half interest in the Hamilton tract. Later Dotson purchased from Cantrell the land which he had conveyed to Cantrell, and Dotson became the owner of the entire tract of 221.5 acres.

On October 27, 1910, Dotson and wife conveyed to Fayette Vanover the tract of land containing 110 acres, which was conveyed by Cantrell and wife to Dotson. On October 31, 1911, Fayette Vanover conveyed the same tract of land to Ellen Vanover.

On October 27, 1913, James A. Dotson and wife conveyed to J. Madison Mullins a tract of land on Bold Camp creek, containing seventy acres, adjoining the lands of Jake Vanover and others, the same being a part of the tract which was conveyed to James A. Dotson by W. N. Hamilton and wife. On August 3, 1918, J. Madison Mullins and wife conveyed the same seventy acres of land, known as a part of the W. N. Hamilton farm, to Mabel Hollyfield.

The defendants filed their answer to the petition, in which they allege an error in the preparation of the deed from James A. Dotson to E. B. Cantrell. The court directed S. N. Taylor, county surveyor, to go upon and make a survey of the lands owned by Ellen Vanover and of the lands owned by Mabel Hollyfield, and report to the court, with a map of his survey, which was done.

The line in controversy is the line which divides the lands of the plaintiff from the lands of the defendant, Mabel Hollyfield, being the same dividing line which was established by James A. Dotson and wife in their deed to E. B. Cantrell by which they conveyed to Cantrell 110 acres, being one-half of the W. N. Hamilton tract.

Cantrell and Dotson employed William Boggs, a county surveyor, to run the division line as agreed upon by them. Boggs ran the line as requested, calling for bearings and distances and objects pointed out by Dotson and Cantrell, which bearings and distances and objects are set out in the deed of October 8, 1907, from

Dodson and wife to Cantrell; except that one call, which Surveyor Boggs admits was omitted from his survey, was not included in the deed. Surveyor Taylor also discovered the same mistake in the Boggs survey.

The errors assigned relate to the admission of certain oral testimony touching the location of certain lines, monuments, or corners located on the ground, the court's action in refusing and giving instructions, and in refusing to set aside the verdict of the jury.

There is written evidence that there was an agreement between Dotson and Cantrell that the partition line should start from an agreed corner and follow an agreed location. The deed from Dotson to Cantrell describes the agreed corner as follows: "Beginning at a stake in the road at a gate agreed corner by James A. Dotson and E. B. Cantrell, thence    *    *." In the deed from E. B. Cantrell and wife to James A. Dotson, the land is bounded as follows: "Beginning at a stake in the road at a gate an agreed corner by James A. Dotson and E. B. Cantrell, thence    *    *." In the deed from James A. Dotson and wife to Fayette Vanover the boundary of the land reads thus: "Beginning with *agreed line* between E. B. Cantrell and James Dotson at a stake at the road    *    *."

It is obvious, as held by this court when this case was first before it in 1926, that there is an ambiguity in the deed and that parol evidence was admissible to establish the location of the "stake." It further appearing that by mistake the calls of the survey were not accurately stated in the deed from J. A. Dotson to E. B. Cantrell, parol evidence was admissible to assist in the location of the true line. If the deed from Dotson and wife to Cantrell did not include all the land which, according to the agreed line, was the prop-

erty of Cantrell and now belongs to his successor in title, it was proper for the jury to so fix the dividing line as to give to Cantrell's successor in title the land which was Cantrell's under the terms of the partition agreement. Parol evidence was also admissible to apply the provisions of the deed to the land conveyed.

■■ In 4 R. C. L., section 65, page 125, we find this: "One of the well established rules of law is that parol evidence is always admissible to apply a writing to a subject * * * parol evidence is inadmissible, *in the absence of* surprise, *mistake*, or fraud, to vary in any way a description of land which is complete and clear, and where the description of premises conveyed in the deed is definite, certain and unambiguous, extrinsic evidence cannot be introduced to show it was the intention of the grantor to convey a different tract." (Italics ours.)

Under the facts in the instant case, the parol evidence objected to was admissible, and there is no merit in this assignment.

■ The court, of its own motion, gave the following instruction:

"The court instructs the jury that if they believe from all the evidence that there was a division line made between Dotson and Cantrell, and you further believe from all the evidence that the gate claimed by the defendants is the gate mentioned in the various deeds in evidence, and the point at said gate pointed out by Cantrell is the beginning point of the division line, and you further believe from all the evidence that Cantrell pointed out to Sylvan Taylor on the ground the true division line, first run by Boggs, as described by Dotson and Cantrell, and you further believe from all the evidence that there is a mistake in one of the calls and one of the distances in all of said deeds giving

the division line, and you further believe from all the evidence the line run by Taylor as pointed out by Cantrell is the true division line made by Cantrell and Dotson, and you will so find and will also find said line to be the true division line between the plaintiff and defendants.

"But if you believe from all the evidence that the calls and distances mentioned in the various deeds giving the division line are correct and are the true calls and distances of said division line and that the said Taylor has correctly run and platted the same as shown by his map you will find said line located by the said Taylor to be the true division line between the plaintiff and defendants."

We think this instruction fairly and sufficiently states the law as applicable to the facts in the case, and that the petitioner was not prejudiced by the court's refusal to give certain instructions asked for by her.

This brings us to the last assignment of error, based upon the court's refusal to set aside the verdict because contrary to the law and the evidence and without evidence to support it.

The following, among other facts, appears from the evidence and the proper inferences to be drawn therefrom: When the land was divided between Dotson and Cantrell, they had William Boogs, surveyor, survey and establish the line agreed upon by them by bearings and distances, and by marked trees, stakes and other natural objects located on the land. Boggs furnished a copy of his survey, which was used by the draftsman in preparing the partition deed from Dotson and wife to Cantrell. The same bearings and distances were used in subsequent deeds conveying the property. There is a variance between the bearings and distances

in the deeds and the line as located on the ground by marked trees, stakes and other natural objects when the partition was made.

The plaintiff relies on the line as located by N. S. Taylor, county surveyor, who surveyed the adjoining tracts of land under an order of the court. He used the bearings and distances fixed by surveyor Boggs and incorporated in the partition deed. So made, Taylor's survey shows that all the deeds leave out a distance, or show a shortage of seventy-two feet in the dividing line. The dividing line, as established by Taylor, also takes from the defendants the most valuable part of their land and their home, worth about $1,500.00, and gives them to the plaintiff. The stake and gate called for by the title papers, according to testimony for the plaintiff, is located at Station No. 38, on the map filed in the case by Surveyor Taylor.

According to the testimony for the defendants, the stake and gate located at the "agreed corner" are at the end of the road leading from the house down to the big gate, and about fifty to seventy-five feet from Station No. 38. E. B. Cantrell, the only surviving person who established the beginning corner, went with William Boggs on the land a few days before the trial and located on the ground the beginning corner and the monuments and lines, which were agreed upon by the parties and followed by William Boggs in making his original survey establishing the dividing line.

The conflicts in the evidence were questions for the jury, and two juries have resolved them in favor of the defendants. The verdict of the jury is supported by ample evidence, is not contrary to the law, and we see no reason to disturb it.

The judgment will be affirmed.

*Affirmed.*