## Richmond

FRANCIS H. COHAN, ET AL.

v.

E. J. THURSTON, ET AL.

April 30, 1982.

Record No. 791574.

Present: All the Justices.

*Edward T. Caton (Barry Randolph Koch, on briefs), for appellants.*

*Douglas B. Wessel (William R. Wahab; Joseph L. Lawler; Pickett, Spain & Lyle; Kellam, Pickerell & Lawler, on brief), for appellees.*

STEPHENSON, J., delivered the opinion of the Court.

Francis H. and Pearl E. Cohan instituted an action in ejectment against E. J. Thurston, and others, claiming title to a strip of land also claimed by the defendants. The dispositive question in this appeal is whether the trial court erred in finding an ambiguity existed in the deed description of the land and in admitting extrinsic evidence to clarify it.

The plaintiffs alleged the disputed land was a part of Lot 1 as shown on the plat of Section 1, Lynnhaven Colony,[1] in the City of Virginia Beach. Plaintiffs acquired Lot 1 in 1956 by a deed which described the lot by reference to the plat. The defendants contend the land in controversy is not a part of Lot 1, the boundary line of the lot being located on the isthmus lying between the boat basin and Lynnhaven Drive, where an "o" is found on the plat.

The trial court, over plaintiffs' objection, ruled the plat was ambiguous and permitted the defendants to present extrinsic evidence regarding the intentions of the developer of the subdivision and the surveyor who prepared the plat. Upon such evidence, the trial court determined Lot 1 did not include the land in controversy and entered judgment for the defendants.

Generally, extrinsic evidence is not admissible to vary the terms of a written instrument. *Camp v. Camp,* 220 Va. 595, 598, 260 S.E.2d 243, 245 (1979). "[W]here the description of premises conveyed in the deed is definite, certain and unambiguous, extrinsic evidence cannot be introduced to show it was the intention of the grantor to convey a different tract." *Vanover v. Hollyfield,* 151 Va. 287, 292, 144 S.E. 450, 451 (1928).

---

[1] A portion of this plat is reproduced as the Appendix.

■ Extrinsic evidence can be admitted to explain an ambiguity in a document. However, the ambiguity must be apparent on the face of the instrument. Parol evidence cannot be used to first create an ambiguity and then remove it. *Stewart-Warner Corp.* v. *Smithey,* 163 Va. 476, 487, 175 S.E. 882, 886 (1934); *Coal Riv. Coll.* v. *Eureka Coal Co.,* 144 Va. 263, 280, 132 S.E. 337, 343 (1926).

■ An examination of the plat reveals it to be unambiguous. No line separates the disputed land from the larger portion of Lot 1. This may be compared with the narrow strip of land at the head of the boat basin between Lots 12 and 13, which strip lies between lines clearly marked by the surveyor, indicating it is not included as part of either lot. Similarly, another narrow strip of land lying between Lynnhaven Circle and a boat basin is enclosed by lines at each end.

The only mark separating the western portion of Lot 1 from the contested land is an "o" on the south line of Lynnhaven Drive. Over plaintiff's objection, the surveyor who prepared the plat was permitted to testify that this "o" was in fact the division line. However, the plat itself expressly states that: "All points shown circled, thus: 'o', are marked by 1-inch iron pipe, 5-feet long." A surveyor called by the plaintiffs testified this symbol was commonly used to denote pipes placed in the ground to mark points of curvature, not to denote division lines.[2]

The present case is similar to *Robbins* v. *Walker,* 119 Va. 222, 89 S.E. 128 (1916). There, the plaintiff claimed ownership of some marshland behind her lot. An examination of the plat showed a boundary line between the lot and the disputed land. We compared the markings in the disputed area to other portions of the plat which indicated the marsh was subdivided as part of the lots. *Id.* at 224, 89 S.E. at 129. The case was decided "[w]ithout considering any oral testimony . . . but looking alone to the plat." *Id.* at 226, 89 S.E. at 129.

Appellees rely on *Brainerd* v. *Dickinson,* 217 Va. 637, 231 S.E.2d 710 (1977). Their reliance is misplaced. In *Brainerd,* three purchasers agreed to buy a lot and subdivide it into building sites. The boundary lines agreed to by the parties were based on pins and streamers actually laid out on the land. However, the plat

[2] This symbol was used on the instant plat in several places where the road curves but where no boundary line intersects, *e.g.*, Lots 5, 10 and 13.

prepared by the surveyor and incorporated in the deeds, while correctly setting out the courses and distances, was not properly drawn to scale. This plat was ambiguous on its face, and we held the clear intent of the parties to be controlling. *Brainerd* was a suit for reformation of the survey, and, as we stated in the opinion, the rules governing boundary disputes did not apply. *Id.* at 641, 231 S.E.2d at 713.

In light of the above, we hold the trial court erred in admitting and considering extrinsic evidence regarding the intention of the developer and the surveyor and in finding for the defendants. Accordingly, the judgment of the trial court will be reversed and final judgment entered for the plaintiffs. The mandate in this case shall be spread in the land records of the City of Virginia Beach and indexed under the names of the parties.

*Reversed and final judgment.*