COURT OF APPEALS OF VIRGINIA

Present:   Judges Fulton, Friedman and Chaney
Argued by videoconference


LINDA F. GREEN

MEMORANDUM OPINION[*] BY
v.      Record No. 1535-22-1           JUDGE VERNIDA R. CHANEY
                                                   APRIL 23, 2024

BRI'ANNE SHERVONNE GREEN


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Bonwill Shockley, Judge

Steven G. Owen (Courthouse Law Group, on briefs), for appellant.

John P. O'Herron (Vanessa Macias Stillman; Alison R. Zizzo; *Thompson*McMullan, P.C.; Midgett Preti Olansen PC, on brief), for appellee.


Linda F. Green and her late husband, Jimmy Jerome Green, signed a deed of gift to convey realty to Jimmy's daughter, Bri'Anne Shervonne Green. But the deed's granting clause included two separate parcels, Y-1, and Linda and Jimmy's home, X-1. After Jimmy's death, Linda asserted that parcel X-1 should not have been included in the deed of gift and requested that Bri'Anne correct the deed. When Bri'Anne refused to correct the deed, Linda sued for reformation. Bri'Anne moved for summary judgment, arguing the deed is unambiguous and, therefore, parol evidence is inadmissible to prove Linda's intent in making the conveyance. Linda contends the circuit court erred by entering summary judgment in Bri'Anne's favor. She argues that the circuit court erred in finding no material facts in dispute, as the deed of gift's description of the conveyed property is ambiguous. This Court agrees and reverses the circuit court's judgment.

_____

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

This Court reviews the facts from the pleadings, orders, and admissions below. Rule 3:20. We recite those facts in the light most favorable to the party, Linda, whose complaint was dismissed on summary judgment. *Klaiber v. Freemason Assocs.*, 266 Va. 478, 481-82 (2003).

*I. Linda and Jimmy signed a deed of gift that is unclear on the property conveyed to Bri'Anne.*

Linda and Jimmy were married on December 22, 2000. Linda and Jimmy owned two parcels of land in Virginia Beach, 4744 First Court Road, known as Lot Y-1 (parcel number 1479 45 7204 0000), and 4737 Hook Lane, known as Lot X-1 in a plat recorded in the Virginia Beach Circuit Court Clerk's Office as Instrument No. 20180809000655420.

On July 20, 2007, Jimmy conveyed Lot X-1, Hook Lane, to himself and Linda as tenants by the entireties with the right of survivorship. Then, Jimmy and Linda built and occupied a home on the property. In Spring 2020, Jimmy learned that he had cancer and informed his daughter Bri'Anne that he wished to give her the First Court Road parcel, Lot Y-1. Jimmy directed Bri'Anne to hire an attorney to prepare the necessary documents. Bri'Anne's attorney drafted a deed of gift to convey Lot Y-1, First Court Road, to Bri'Anne.

On August 28, 2020, the attorney's employee visited Jimmy and Linda to have them sign the deed. The first page of the deed of gift describes the property subject to the intended conveyed gift as: "Map/Parcel Numbers.: *Lot* Y-1 170 45 7204 000 known as: 4744 First Court Rd, Virginia Beach, VA." (Emphasis added). Meanwhile, the second page describes the property as:

> ALL that certain *lot*, piece or parcel of land, with the buildings and appurtenances thereunto belonging, lying, being and situated in the City of Virginia Beach, Virginia, known, numbered and designated as *Lots* X-1 and Y-1 on the plat of the Subdivision of *Lot* X *and Lot* Y . . . .

(Emphases added).

Jimmy and Linda occupied their Hook Lane parcel, X-1, until Jimmy's death on March 31, 2021. Linda thereafter continued to occupy and make payments on the property. That July, she was informed by the mortgage holder for Hook Lane, Lot X-1, that the parcel had been conveyed to a new owner—Bri'Anne. Linda contacted Bri'Anne to demand that she correct the deed to reflect the parties' intention to convey only the First Court Road parcel, Y-1. Bri'Anne refused.

## II. *Linda sued for reformation of the deed; the circuit court granted Bri'Anne summary judgment and dismissed Linda's complaint.*

Linda filed a complaint seeking reformation of the deed of gift "to conform to the original intent of the Grantors therein, to convey only lot Y-1 to Brianne." Bri'Anne moved for summary judgment, asserting the deed unambiguously conveyed both properties and the parol evidence rule prevented the introduction of extrinsic evidence. At a hearing before the circuit court, Linda argued the deed was ambiguous and contradictory "on its face" because the first page only identified Lot Y-1 whereas the second page conveyed both lots. Linda contended, therefore, that there was a mistake and that the court had the power to reform the deed.

The circuit court entered summary judgment for Bri'Anne. Additionally, finding no material fact in dispute, the circuit court dismissed Linda's complaint with prejudice. This appeal followed.

### ANALYSIS

## I. *Standard of Review*

"Summary judgment may not be entered if any material fact is genuinely in dispute." *Stahl v. Stitt*, 301 Va. 1, 8 (2022) (quoting Rule 3:20). Summary judgment is a drastic remedy and should be granted only in the rare times no material facts are disputed. *See, e.g.*, *Neal v. Sec'y of Dep't of Veterans Affairs*, 79 Va. App. 1, 10 n.2 (2023) (If "evidence is conflicting on a material point or if reasonable persons may draw different conclusions from the evidence, summary judgment is not

appropriate." (citation omitted)). A fact is "material" if it can affect the outcome of a case. *Brizzolara v. Sherwood Mem'l Park, Inc.*, 274 Va. 164, 188 (2007).

"We review de novo a circuit court's interpretation of words in a deed." *Marble Techs., Inc. v. Mallon*, 290 Va. 27, 33 (2015). Deeds are contracts; therefore, this Court applies the same rules of construction to a deed as it does to a contract. *See, e.g.*, *Wetlands Am. Trust, Inc. v. White Cloud Nine Ventures, L.P.*, 291 Va. 153, 160 (2016) ("[L]ike other contracts, we review a trial court's construction of a deed of easement de novo."). "The question whether the language of a contract is ambiguous is a question of law which we review de novo." *Robinson-Huntley v. George Washington Carver Mut. Homes Ass'n*, 287 Va. 425, 429 (2014) (quoting *Eure v. Norfolk Shipbuilding & Drydock Corp.*, 263 Va. 624, 631 (2002)). Summary judgment is inappropriate if the party seeking it has failed to offer a construction of the relevant contractual provisions "that could be deemed so clear that it unambiguously excludes the explanation offered by the opponent." *Cascades N. Venture Ltd. P'Ship v. PRC Inc.*, 249 Va. 574, 582 (1995).

## II. The deed of gift is facially ambiguous. Extrinsic evidence is therefore admissible to prove its meaning.

Bri'Anne contends that the parol evidence rule bars extrinsic evidence proving that the intended gift was the First Court Road parcel, Y-1, because Linda's complaint does not allege that the deed is ambiguous. Bri'Anne argues, alternatively, that the deed is unambiguous. This Court disagrees.

Linda sufficiently pleaded ambiguity. Although her complaint did not expressly allege the deed is ambiguous, she alleged that the deed refers to the conveyed gift in contradictory ways—that the first page lists only one property, Lot Y-1, and the second page apparently conveys two, Lots Y-1 and X-1. A deed is ambiguous where it can be understood "more than one way or when it refers to two or more things at the same time." *Video Zone, Inc. v. KF&F Props., L.C.*, 267 Va. 621, 625 (2004) (citation omitted); *see Renner Plumbing v. Renner*, 225 Va. 508, 515 (1983); *see*

- 4 -

*also Allen v. Green*, 229 Va. 588, 593 (1985) ("[T]he words [describing the property conveyed] admit of two different meanings and are thus ambiguous."); *id.* ("Here, the ambiguity consisted in uncertainty concerning the subject matter to which the language was intended to apply."). Likewise, here, the deed of gift describes potentially two different intended conveyances—a conveyance of only one property, or a conveyance of two. Both cannot be true. On the face of *this* deed, however, both are plausible readings. It follows that Linda's allegation that the deed describes the conveyed gift in more than one way is an allegation that the deed is ambiguous.

Generally, extrinsic evidence is not admissible to vary the terms of an *unambiguous* written instrument. *Camp v. Camp*, 220 Va. 595, 597-98 (1979); *Vanover v. Hollyfield*, 151 Va. 287, 292 (1928). Extrinsic evidence can be introduced, however, to explain the meaning of an *ambiguous* written instrument. *See, e.g.*, *Georgiades v. Biggs*, 197 Va. 630, 634 (1956) ("If a written contract is so ambiguous or obscure in its terms that all contractual intention of the parties cannot be understood from a mere inspection of the instrument, extrinsic evidence . . . may be received to enable the court to make a proper interpretation of the instrument." (quoting 20 Am. Jur., *Evidence* § 1160, p. 1014)); *see also Dempsey v. Dempsey*, No. 0913-20-4, slip op. at 6, 2021 Va. App. LEXIS 63, at \*8 (Apr. 20, 2021) ("When the language of a contract is ambiguous, parol evidence is admissible, not to contradict or vary contract terms, but to establish the real contract between the parties . . . [and] to determine the intention of the parties." (alteration in original) (citation omitted)).[1]

"An ambiguity exists when language is of doubtful import, admits of being understood in more than one way, admits of two or more meanings, or refers to two or more things at the same

---

[1] While not binding, unpublished cases may be cited as persuasive authority. *E.g.*, Rule 5A:1(f); *Smith v. Commonwealth*, 78 Va. App. 371, 383 n.4 (2023).

time." *Allen*, 229 Va. at 592. The deed here can be understood in more than one way and is therefore ambiguous.

On the deed's first page, the only property parcel listed in the recording recital is the First Court Road parcel. Thus, the recording recital implies that the only parcel to be conveyed is the First Court Road parcel. The second page of the deed, however, has a granting clause apparently conveying both the First Court Road, Lot Y-1, and the Hook Lane, Lot X-1, parcels. And the granting clause variously refers to the conveyed property as a "lot," two "lots," and "a Lot and a Lot," adding to the ambiguity. Thus, the conveyed property is identified and described in contradictory ways.

But, Bri'Anne argues, the deed's recording recital is irrelevant and prefatory. Therefore, she continues, the variance between the first and second pages cannot create an ambiguity "as a matter of law." Virginia has long recognized that inconsistent preambles and granting clauses can present ambiguities. *See, e.g.*, *Goodson v. Capehart*, 232 Va. 232, 236 (1986) (finding a deed ambiguous because its "preamble appears to express an intention to create a life estate with a remainder over, and a granting clause which purports to convey a fee simple absolute"). The law discourages drafting gift deeds as this one was drafted—describing the conveyance of property two ways across two pages. *See* Code § 17.1-252 (requiring that parcel identification numbers of affected properties be placed on the "first page" of the deed).

The varying identifications of the property conveyed in the deed of gift makes the intended conveyance susceptible to two meanings, making the deed of gift ambiguous. Because the deed is ambiguous, extrinsic evidence is admissible to explain its intended meaning.[2] The circuit court

---

[2] We do not address Bri'Anne's arguments concerning parol evidence. Likewise, we do not hold that Linda has sufficiently established mutual mistake to justify reformation. We hold only that the deed is ambiguous such that Linda should have been allowed to introduce extrinsic evidence of its meaning. *See, e.g.*, *Verizon Va. LLC v. State Corp. Comm'n*, ___ Va. ___, ___ n.4 (Nov. 30, 2023) (we are to resolve cases on the best and narrowest grounds available).

erred by excluding that evidence.  This issue of the deed's meaning creates a dispute about an outcome-determinative—and therefore material—fact, making summary judgment inappropriate. *See, e.g.*, *Fultz v. Delhaize Am., Inc.*, 278 Va. 84, 88 (2009) (finding that the circuit court "incorrectly . . . short-circuited litigation pretrial and has decided the dispute without permitting the parties to reach a trial on the merits"); *Cascades N. Venture Ltd. P'ship*, 249 Va. at 582 ("Because the meaning of the disputed lease provisions is unclear, the intention of the parties is a material issue in dispute, so that summary judgment was improper.").

## CONCLUSION

For these reasons, this Court reverses the circuit court's judgment and remands to the circuit court for further proceedings consistent with this opinion.

*Reversed and remanded.*