THOMPSON v. THOMPSON.

1. PROPERTY—TITLE—ABSOLUTE—LIMITED.
   Ownership in a devisee of property cannot at one and the same time be both absolute and limited.

2. DEEDS—GRANTING CLAUSE—HABENDUM CLAUSE.
   A repugnancy between the granting clause and the habendum must be resolved, as a rule of construction, in favor of the former, when it cannot be determined from the whole instrument and the attendant circumstances which the grantor intended to control, but, where it appears from the whole conveyance and the attendant circumstances that the grantor intended the habendum to enlarge, restrict, or repugn the granting clause, the habendum must control, for the reason that it is the last expression of the grantor's wish as to the conveyance.

3. SAME—GENERAL RULE OF CONSTRUCTION—INTENT.
   Generally, the intention of the parties to an instrument is to be ascertained from a reading of the entire instrument and it is the duty of the courts to carry out such intent if no legal obstacle lies in the way.

---

* Continued from Volume 329.

REFERENCES FOR POINTS IN HEADNOTES
[2, 4] 16 Am Jur, Deeds, § 232 et seq.
[2, 4] Conflict between granting and habendum clauses as to estate conveyed. 84 ALR 1057; 111 ALR 1078; 131 ALR 1239.
[3] 16 Am Jur, Deeds, §§ 170, 171.
[5] 16 Am Jur, Deeds, § 178.
[6] 19 Am Jur, Estates, § 51; 33 Am Jur, Life Estates, Remainders, and Reversions, § 134; 47 Am Jur, Shelley's Case, Rule in, § 6.
[7] 14 Am Jur, Costs, § 92.

4. Same—Granting Clause—Limitation by Habendum.

When the granting clause in a deed contains language sufficient to convey a fee, but the habendum contains language limiting the conveyance to some lesser estate, the habendum will control if the court finds from the entire conveyance or attendant circumstances that the grantor so intended; and such intent may be found even though expressed nowhere else than in the habendum.

5. Same—Language Inserted Controls Over Printed Form.

Language inserted in a deed by the parties thereto prevails over the printed provisions because it is the immediate language of the parties, selected by them and more safely and clearly indicates their intention.

6. Estates—Life Estates—Remainders—Abolition of Rule in Shelley's Case.

Since the abolition of the rule in Shelley's Case by statute, when a remainder shall be limited to the heirs of the body of a person to whom a life estate in the same premises shall be given, the persons who, on the termination of the life estate, shall be the heirs of the body of such tenant for life, shall be entitled to take as purchasers, by virtue of the remainder so limited to them, such heirs being determined at the date of the death of the person having the life estate (CL 1948, § 554.28).

7. Costs—Briefs.

No costs are allowed appellees upon modification and affirmance of decree in their favor where they filed no brief.

Appeal from Monroe; Golden (Clayton C.), J. Submitted June 9, 1950. (Docket No. 54, Calendar No. 44,691.) Decided March 1, 1951.

Bill by Arthur L. Thompson against Arthur L. Thompson, Jr., and others to construe a deed to convey absolute fee. Decree for defendants. Plaintiff appeals. Modified and decree ordered entered in accordance with opinion.

*Carl K. Rix* (*John J. Beck,* of counsel), for plaintiff.

DETHMERS, J.   Plaintiff's father and mother gave him a short form warranty deed, in which they were named as parties of the first part and he as party of the second part, conveying an interest in real estate to him.   The granting clause reads as follows:

"WITNESSETH,   That the said parties of the first part, for and in consideration of the sum of One dollar per acre per year during the life of first parties, or either of them in hand paid by the said part   of the second part, the receipt whereof is hereby confessed and acknowledged, do by these presents grant, bargain, sell, remise, release, alien and confirm unto the said party of the second part, and his heirs and assigns, FOREVER, all those certain pieces or parcel of land situate" (followed by description).

The habendum reads thus:

"To have and to hold the said premises as herein described, with the appurtenances, unto the said party of the second part and to   heirs and assigns, forever.   For and during his natural lifetime and after his decease, to the heirs of his body."

Plaintiff filed this suit urging that the provisions of the habendum are inconsistent with and must yield to those of the granting clause and praying that said deed, therefore, be decreed to be an absolute conveyance in fee simple to him, free and clear of any and all rights, claims and interests of defendants, whom he alleged to be all the heirs of his body in being, and those yet unborn.   He appeals from decree for defendants which provides in part as follows:

"That under and by virtue of said deed, Arthur L. Thompson, party of the second part therein, took and has a life estate in the property therein described, that the heirs of the body of Arthur L. Thompson, in existence at the date of delivery of the deed, took a vested remainder in said property, sub-

ject only to open up and let in heirs of the body of Arthur L. Thompson, born thereafter."

In discussions *Smith* v. *Smith,* 71 Mich 633, *Killefer* v. *Bassett,* 146 Mich 1, *Gibson* v. *Gibson,* 213 Mich 31, *Powers* v. *Hibbard,* 114 Mich 533, and *Adams* v. *Fisher,* 143 Mich 673, were mentioned as authority for plaintiff's position. In the *Smith Case* the Court found, not only from the express language of the deed but also from all the surrounding circumstances, that the grantor intended to convey the fee, and did not intend a reverter to his estate upon the death of the grantee without issue. For that reason this Court held void the provisions in the habendum repugnant to a fee which the grantor clearly intended to convey. Similarly, in the *Killefer Case* the testator devised property to his wife with the provision that what was left at her death should go to persons named. This Court found from such provision an intent to create an absolute power of disposal in the wife, which is an attribute of and consistent only with ownership in fee. The holding of this Court was that when the intent is clearly to create a fee, with unlimited power of alienation, in the devisee, it is impossible at the same time to give effect to the inconsistent provision in the will which would control the descent and distribution at devisee's death of such of the property as she may not have disposed of in her lifetime. In short, ownership in the devisee cannot at one and the same time be both absolute and limited. The facts and holding in the *Gibson Case* were the same as in *Killefer* v. *Bassett.* In the *Adams Case* this Court held that there was no room for application of the rule that the habendum is void when repugnant to the granting clause because, *inter alia,* "the intention of the deed is plain and must be given effect." This can only mean that the habendum prevails over the inconsistent provi-

sions of the granting clause when that appears to have been the intent of the grantor. The *Powers Case* expounds the rule which this Court has consistently applied in this kind of cases, *viz.,* that a repugnancy between the granting clause and the habendum must be resolved, as a rule of construction, in favor of the former when "it cannot be determined from the whole instrument and the attendant circumstances" which the grantor intended to control; "but, where it appears from the whole conveyance and the attendant circumstances that the grantor intended the habendum to enlarge, restrict, or repugn the granting clause, the habendum must control, for the reason that it is the last expression of the grantor's wish as to the conveyance."

In *Putnam* v. *Pere Marquette Railroad Co.,* 174 Mich 246, this Court, after citing *Smith* v. *Smith, supra,* as authority for the proposition that when the habendum is repugnant to the granting clause it is void, went on the say that that rule is subject to qualifications, quoting from *Powers* v. *Hibbard, supra,* the following:

"Again, where it is impossible to determine from the deed and the surrounding circumstances that the grantor intended the habendum to control, the granting words will govern; but, if it clearly appears that it was the intention of the grantor to enlarge or restrict the granting clause by the habendum, the latter must control."

In the *Putnam Case* this Court also quoted with approval from *Mullreed* v. *Thumb,* 116 Mich 440, the following:

"The general rule is that the intention of the parties to an instrument is to be ascertained from a reading of the entire instrument. * * * Another rule is that a repugnancy between different clauses of the deed must be resolved in favor of the first.

This latter rule is usually invoked when there has been an attempt to limit the granting clause by the habendum, or where there is an attempt to except something specifically granted. This rule should be acted on only as a last resort, and generally the first inquiry is: What was the intention of the parties as expressed by the instrument? *Bassett v. Budlong,* 77 Mich 338 (18 Am St Rep 404). It is true that courts have in some cases subordinated this rule of construction to that which gives preference to the first expression of the grantor, and have done so in some cases at the expense of sacrificing the intent of the parties as plainly expressed. * * * This Court has, however, not so applied this latter rule as to subvert the intent of the parties, when plainly expressed."

And so, in *Holmes v. Holmes,* 215 Mich 112, Mr. Justice Wiest, speaking for the Court, said with reference to "the old-time technical rule, invoked by intervenor, with reference to repugnancy between the granting clause and the habendum" the following:

"It may be well, however, to observe that the technicality of the old rule has to a large extent departed, and if it clearly appears from the whole instrument that it was the intention of the grantor to enlarge or restrict the granting clause by the habendum, the habendum will control. *Chicago Lumbering Co. v. Powell,* 120 Mich 51; *Putnam v. Pere Marquette Railroad Co.,* 174 Mich 246; 18 CJ, p 332."

In *Benton Harbor Federation of Women's Clubs v. Nelson,* 301 Mich 465, a concurring opinion written by Mr. Justice North quotes with approval from *Smith v. Smith, supra,* language which might conceivably be construed as reflecting a view on the part of the majority of this Court who signed Mr. Justice North's opinion that the rule that provisions in the habendum repugnant to the granting clause

are void is an absolute one subject to no qualifications. An examination of the *Women's Club Case,* however, discloses that no such strict application of the rule as that was necessary to the result reached by the majority in that case. Mr. Justice SHARPE's opinion in that case, signed by the same 4 justices who signed Justice NORTH's opinion, indicates that they were seeking to arrive at and to give effect to the intentions of the grantors. The Court found, in effect, that the grantors intended that the unequivocal granting clause of the deed should prevail over what appeared to be contradictory language in a subsequent clause of the deed. In giving effect to what it found to be the intent of the grantors the Court was in reality following the spirit and intent of *Smith* v. *Smith, supra,* as appears from language in the opinion of the latter case as follows:

"The object to be arrived at by courts in construing deeds or other contracts is to ascertain clearly the intention of the parties.  *  *  *

"But it is insisted on the part of the plaintiff that there are words of limitation in the habendum which must control the granting clause, and that such words limit the estate for life in the grantee, Thomas J. Smith, and at his death it must revert to the grantor.

"If this construction is given this deed, in our opinion, it would entirely defeat the intention of the grantor. That he intended to convey these lands absolutely and in fee to his children and grandchildren there can be no doubt. That he desired his children and grandchildren to retain possession of these lands, and hold the title thus conveyed, and not dispose of them, is equally evident. But that he intended, if any of these children or grandchildren died without issue, to deprive the *family* left surviving of every dollar of the estate, cannot be gathered from the surrounding circumstances, or from the language employed in the deed itself."

In *Powers* v. *Hibbard, supra,* this Court, after referring to *Smith* v. *Smith, supra,* stated that the rule laid down in the latter case is a rule of construction only, to be employed when the intent of the grantor is indefinite, whereupon the Court quoted with approval from *Bassett* v. *Budlong,* 77 Mich 338 (18 Am St Rep 404), the following:

"(1) The proposition that a condition, reservation, or exception which restricts a grant of a fee simple absolute title to land, being repugnant to the granting part of the deed, is void, can only be true in those cases where the repugnancy is such that the intention of the parties cannot be ascertained from the whole instrument, or, if ascertained, cannot be carried into effect in accordance with established principles of law.

"(2) Every deed or contract is supposed to express the intention of the parties executing it, and, when the object or purpose of such instrument is called into question in a court of justice, the first inquiry is, What is the intention of the parties as expressed therein? and it is the duty of the court to so construe said instrument as to carry out such intent, if no legal obstacle lies in the way."

It is significant that the majority in the *Women's Club Case* did not expressly overrule the *Powers* or *Bassett Cases* or the many other Michigan cases which might be cited, all of which, in considering the rule enunciated in *Smith* v. *Smith, supra,* hold that it is a rule of construction for arriving at the grantor's intent when that intent is not otherwise ascertainable, but that when such intent is to be found from the entire conveyance or surrounding circumstances, it must be given effect without resort to the rule.

The substance of the holdings on this subject, then, is as follows: (1) If a fee was intended by the grantor, inconsistent limitations thereon are void

because it is impossible to give effect to both the fee absolute and the limitations; (2) in cases of inconsistencies between the granting clause and the habendum the former will be deemed, as a rule of construction, to control when it is impossible to determine from the instrument in question and surrounding circumstances which the grantor intended to control; (3) when the granting clause contains language sufficient to convey a fee, but the habendum contains language limiting the conveyance to some lesser estate, the habendum will control if the court finds from the entire conveyance or attendant circumstances that the grantor so intended; and such intent may be found even though expressed nowhere else than in the habendum. Accordingly, in *Bassett v. Budlong, supra,* and *Chicago Lumbering Co.* v. *Powell,* 120 Mich 51, this Court gave effect to the habendum despite repugnancy to the provisions of the granting clause on the ground that it was clear from the deed itself that the grantor intended the habendum to control. There was nothing on the face of the deeds in either of those cases, other than the limitations contained in the habendum, to indicate which the grantor intended to be controlling. Nevertheless, this Court held that a reading of the entire deed in each case disclosed the grantor's intent that the habendum should control. For similar holdings as to wills in which language sufficient to devise a fee is followed later in the will by language indicating an intent to give something less than the fee, see *Robinson* v. *Finch,* 116 Mich 180, and *Cary* v. *Toles,* 210 Mich 30.

In the instant case no one reading the entire deed can escape the conclusion that the grantors intended to convey to their son, Arthur L. Thompson, a life estate rather than an estate in fee simple absolute. This the more readily appears from the fact that the words in the granting clause, as well as those in

the habendum, which would ordinarily operate to convey title in fee, are all merely part of the printed form while those words supplied by the grantors themselves, as a typewritten insertion in the blank space immediately following the printed portion of the habendum, limit the grant to Arthur L. Thompson to a life estate. In cases of inconsistency between the printed provisions of a form and the language inserted by the parties, the latter is held to prevail because it is the immediate language of the parties, selected by them, and it, therefore, more safely and clearly indicates their intention. *Russell & Co.* v. *Bondie,* 51 Mich 76; *Mansfield Machine Works* v. *Common Council,* 62 Mich 546; *Planters Fertilizer & Chemical Co.* v. *Columbia Cotton Oil Co.,* 126 Ark 19 (189 SW 166); *Haughn* v. *Haughn,* 296 Ill 305 (129 NE 807); *Davidson* v. *Manson,* 146 Mo 608 (48 SW 635); *Mathy* v. *Mathy,* 234 Wis 557 (291 NW 761). The provisions of the habendum should be held to prevail in this case.

Plaintiff suggests that if effect were to be given to the habendum it would result in the creation of a fee tail estate, citing *Millard* v. *Millard,* 212 Mich 662, and *Fraser* v. *Chene,* 2 Mich 81. In the *Millard Case* the grant was to 'A' "and her children, heirs of her body." The holding of this Court in that case was that there was nothing in that language to indicate an intent to convey to 'A' a life estate. Distinguishable is the instant case in which the deed expressly provides that the grant is to plaintiff "for and during his natural lifetime and after his decease, to the heirs of his body." In *Fraser* v. *Chene,* *supra,* the devise was to 'A' for life and at his death to 'A's' male heirs. Applying the rule in *Shelley's Case,*[*] this Court held a fee tail estate to have resulted, which the statute (referring to Code of 1827,

---

[*] *Wolfe* v. *Shelley,* 1 Coke Rep 93b (76 Eng Rep 206).—Reporter.

p 261) raised to an allodial estate. (For present statutory provisions see CL 1948, § 554.3 [Stat Ann § 26.3].) Involved was a will executed in 1829 and a testator who died soon afterwards. In the year 1838, however, the rule in *Shelley's Case* was abolished in Michigan by statute, which provides as follows:

"When a remainder shall be limited to the heir, or heirs of the body of a person to whom a life estate in the same premises shall be given, the persons who, on the termination of the life estate, shall be the heir, or heirs of the body of such tenant for life, shall be entitled to take as purchasers, by virtue of the remainder so limited to them." CL 1948, § 554.28 (Stat Ann § 26.28).

*Fraser* v. *Chene, supra,* is, therefore, not controlling here, the deed having been executed in 1943. It follows from the statute that the language employed in the habendum in the instant case created a life estate in plaintiff with remainder over to the heirs of his body in being at his death. That such is the effect of the statute abundantly appears from *Defreese* v. *Lake,* 109 Mich 415 (32 LRA 744, 63 Am St Rep 584).

In decreeing the remainder to be in the heirs of the body of Arthur L. Thompson, the decree of the trial court failed to limit the same to those in being at his death. It should be modified in that respect and in all others affirmed. A decree may enter in this Court accordingly, without costs, defendants having filed no brief.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.