PEARL H. GOODSON, ET AL.

V.

ALBERT C. CAPEHART, ET AL.

Record No. 830551

October 10, 1986

Present: All the Justices

*Douglas S. Vaught* for appellants.

*Raleigh M. Cooley* for appellee Nora Webb.

No briefs or arguments for appellees Albert C. Capehart, Elinor Dobbins Capehart and Roscoe Holderfield, *non compos.*

RUSSELL, J., delivered the opinion of the Court.

The sole issue in this appeal is the construction of a deed in which the preamble appears to conflict with the granting clause. In our view, the granting clause must prevail.

In 1925, W.G. Shinault and M.G. Shinault, his wife, executed a deed in the following form:[1]

This Deed, Made this 19th day of September in the year One Thousand and Nine Hundred and Twenty Five between W. G. Shinault and M. G. Shinault his wife, of Carroll County, Va., parties of the first part and Curtis and William Holderfield jointly and equally as long as they both live and at their death to go to their heirs ~~parties of the second part~~, of the county and State aforesaid parties of the second part,

WITNESSETH: That in consideration of the sum of One hundred ($100.00) Dollars cash in hand paid the receipt thereof is hereby acknowledged the said parties of the first part, doth grant unto the said parties of the second part in fee simple with General warranty, all that tract or parcel of land herein described Situated in the County and State aforesaid on the head waters of Little Fish River, Containing 14 acres and bounded as follows to wit:-

[a metes and bounds description follows]

The said parties of the first part covenant that they have the right to convey the said land to the grantee; that they have done no act to encumber the said land that the grantee shall have quiet possession of the said land, free from all encumbrances, and that they the said parties of the first part will

---

[1] The only record evidence of the form of the deed is a copy of the entry recorded in the clerk's deed book. Counsel represented at bar that these land records were typewritten by the clerk. Accordingly, the question whether the original was a printed form containing blank spaces filled in by the scrivener must be left to conjecture. Probative evidence on that point might have been determinative. *See Thompson* v. *Thompson*, 330 Mich. 1, 10, 46 N.W.2d 437, 441 (1951).

execute such further assurance of the said land as may be requisite.

Witness the following signatures and seals:

> his
> W. G. X Shinault, (seal).
> mark.
> M. G. Shinault, (seal).

Curtis and William Holderfield executed a deed of trust on the land in 1934, securing a debt. Upon default, the trustee foreclosed the deed of trust in 1937 and executed a quitclaim deed to Dexter S. Stone. Albert C. Capehart and Elinor Dobbins Capehart claim the 14-acre tract through a record chain of title from Stone.

Roscoe Holderfield, non compos, Pearl H. Goodson, Janie H. Greene, Beatrice H. Greene, and Sara H. Linville are the sole heirs at law of Curtis and William Holderfield, who died in 1976 and 1979, respectively.

The heirs brought an action of ejectment against the Capeharts and also against Nora Webb, a predecessor in title of the Capeharts, alleging that the 1925 deed had conveyed only a life estate to the Holderfields with remainder to them as the Holderfields' heirs. They asked that a guardian ad litem be appointed for Roscoe Holderfield. They argue that a fee simple absolute vested in the heirs upon the deaths of the life tenants. The life tenants, they contend, were incapable of encumbering the fee by deed of trust, and the Capeharts, therefore, took nothing by their record chain of title. The heirs also claimed damages for waste against the Capeharts and Nora Webb, alleging that they had cut timber from the property.

The Capeharts take the position that the granting clause prevails in case of conflict with other provisions in the deed and that the Holderfields therefore took a fee simple title rather than a life estate. Thus, say the Capeharts, they are owners in fee simple through mesne conveyances from the Holderfields.

The case was submitted to the trial court on stipulated facts and the briefs of counsel, who agreed that the sole question before the court was the interpretation of the 1925 deed. The court entered a final order in 1983, holding in favor of the Capeharts and dismissing the action. The court reasoned that the deed was ambiguous in that the granting clause was in apparent conflict with the preamble, that in such a conflict the granting clause tradition-

ally prevails, and that an ambiguous deed should be construed in a manner most favorable to the grantee.

On appeal, the heirs argue that there is no conflict or ambiguity in the clauses of the 1925 deed. They point out that the granting clause conveys fee simple title to the "parties of the second part," and that the preamble defines that term. The preamble, they say, makes clear the grantors' intention to equate "parties of the second part" with a life estate to the Holderfields during their joint lives with remainder in fee to their heirs upon their deaths.[2] By substituting this reading for "parties of the second part" in the granting clause, the heirs argue that any conflict or ambiguity is removed. They rely on the familiar rule of interpretation requiring the court to ascertain the intent of the parties from the entire instrument and to construe it so as to carry out that intent. *Morris v. Bernard*, 114 Va. 630, 633, 77 S.E. 458, 460 (1913).

■ We think that demonstration of internal harmony to be illusory. It makes no provision for that event which actually occurred, the deaths of the two Holderfields at different times. The life estate would continue only "as long as they both live." At "their death," the fee would "go to their heirs." But no one is heir of the living — *nemo est haeres viventis. Braswell* v. *Braswell*, 195 Va. 971, 975, 81 S.E.2d 560, 563 (1954). Unless the Holderfields were to die simultaneously, there would be no possible class which could be described as "their heirs." And after the death of the first Holderfield, would the interest of the surviving Holderfield revert to the original grantors? Such a construction is entirely inconsistent with the conveyance of a fee simple expressed in the granting clause.

The inclusion of the phrase "of the county and State aforesaid" within the definition of the "parties of the second part" casts further doubt upon the intentions of the parties to the deed. The Holderfields may have resided in Carroll County in 1925, but until their deaths their heirs could not be ascertained. Was the intention of the parties to the deed to cause the remainder, after the deaths of the life tenants, to vest only in those of "their heirs" who might then happen to reside in Carroll County, Virginia? If no heirs resided in Carroll County, would the fee revert to the original grantors? Undoubtedly, such a scheme could be validly framed in a deed, but it would conflict with the grant of an uncon-

---

[2] The rule in Shelley's Case has been abolished in Virginia by statute. Code § 55-14.

ditional fee simple. The deed before us cannot be said, clearly and unequivocally, to manifest such an intent, unless the court supplies words to amplify its meaning. We are unable to alter its language. The intent of the parties must be gathered from the language they actually used, if that can be done. "[T]he true inquiry is not what the grantor meant to express, but what the words do express." *Morris*, 114 Va. at 633, 77 S.E. at 460.

We conclude that the intent of the parties is unclear and cannot be readily ascertained within the four corners of the deed, so as to override all other principles of construction. We are left with a deed whose preamble appears to express an intention to create a life estate with remainder over, and a granting clause which purports to convey a fee simple absolute. Thus, we agree with the trial court's conclusion that the deed is ambiguous.

There is no ambiguity within the granting clause itself. Compare *Camp v. Camp*, 220 Va. 595, 598, 260 S.E.2d 243, 245 (1979), where there was an internal conflict between two parts of the granting clause. There, we applied the common-law rule that in certain cases incapable of other resolution the first clause prevails over later clauses inconsistent therewith. Here, the granting clause unequivocally vests a fee simple in the "parties of the second part." At the time the deed was delivered, only the Holderfields fit within that definition.

We have not heretofore considered a case in which a clear and unequivocal granting clause conflicts with the preamble of a deed, although we have considered conflicts between granting and *habendum* clauses. At common law, the granting clause always prevailed over other parts of a deed which were repugnant to it; under the modern rule, the intent of the parties, where clearly and unequivocally expressed within the four corners of the instrument, will be given effect. But where there is an irreconcilable conflict between the granting clause and other parts of the deed, and it is impossible to discover with reasonable certainty the intention of the parties, the common law rule continues to apply and the granting clause prevails. 2 F. Ribble, Minor on Real Property § 1032, p. 1336-1337 (2nd ed. 1928).

Most courts in other jurisdictions, confronted with similar conflicts between preamble and granting clause, have held that the granting clause prevails, sometimes even though a contrary intent seemed apparent. *See, e.g., St. Clair Springs Hotel Co. v. Balcomb*, 215 Ala. 12, 108 So. 858 (1926); *Kentland Coal &*

*Coke Company* v. *Blankenship*, 300 S.W.2d 570 (Ky. 1957); *Gamble* v. *Williams*, 39 N.C. App. 630, 251 S.E.2d 625 (1979); *Hidalgo County* v. *Pate*, 443 S.W.2d 80 (Tex. Civ. App. 1969); *Davidson* v. *Vaughn*, 114 Vt. 243, 44 A.2d. 144 (1945). The Supreme Court of North Carolina points out that the granting clause is the "heart of a deed," which is "naturally looked to to see what was intended to be conveyed." *Griffin* v. *Springer*, 244 N.C. 95, 98, 92 S.E.2d 682, 685 (1956) (citing *Artis* v. *Artis*, 228 N.C. 754, 760, 47 S.E.2d 228, 232 (1948)). This follows from the fact that operative words of conveyance are indispensable to the effectiveness of a deed. *Griffin* v. *Springer*, 244 N.C. at 98, 92 S.E.2d at 685.

A further consideration in our analysis is the legislative intent, expressed in Code § 55-11, that when land is granted without words of limitation, the grant shall be construed to convey the fee simple, or whole estate the grantor has power to convey, unless a contrary intention appears in the deed. Our decisions have long been to similar effect: the language in a deed will be construed to pass to the grantee the greatest estate which the language employed is capable of conveying. *Waskey* v. *Lewis*, 224 Va. 206, 211, 294 S.E.2d 879, 881 (1982); *Hamlin* v. *Pandapas*, 197 Va. 659, 664, 90 S.E.2d 829, 833 (1956); *Wilson* v. *Langhorne*, 102 Va. 631, 637, 47 S.E. 871, 874 (1904).

We conclude that the 1925 deed conveyed a fee simple estate to the Holderfields, and that the trial court did not err in so holding. The judgment will be

*Affirmed.*