## CIRCUIT COURT OF KING GEORGE COUNTY

Elva E. Rose et al.

v.

Reginald H. Durst, Sr., et al.

February 14, 1996

Case No. (Chancery) 92-45

BY JUDGE JAMES W. HALEY, JR.

The court has considered the pleadings, the exhibits, the transcripts, the commissioner's report, the memoranda and cases submitted, and the oral argument upon exceptions.

Plaintiff has taken fifteen exceptions to the commissioner's findings. Other than exceptions 8, 9, 14 and 15, none of the exceptions have a bearing upon the commissioner's ultimate recommendations to the chancellor, and they are overruled.

The fifty-foot easement is for the use of all parties who own lots A to G on the plat of the Lumkin estate. The respective lot owners own the fee adjacent to their lot to the centerline of the easement, and this fee interest is subservient to the reciprocal use of the easement by the other lot owners.

The principles applicable to the use of an easement by grant were set forth in *Hayes v. Aquia Marina, Inc.*, 243 Va. 255, 258-259, 414 S.E.2d 820, 822 (1992):

> when an easement is created by grant . . . and the instrument creating the easement does not limit the use to be made of it, the easement may be used for "any purpose to which the dominant estate may then, or in the future, reasonably be devoted." *Cushman Corp. v. Barnes*, 204 Va. 245, 253, 129 S.E.2d 633, 639 (1963) . . . . The result may be that the *degree* of burden is increased, but that is not sufficient to deny use of the right of way to an owner of a portion so conveyed.

As a reciprocal, this concept of "reasonable use" likewise applies to the uses which an owner of the fee subject to an easement may enjoy. No such use is permitted which would unreasonably limit the use of the easement by the dominant estate. Among such prohibited uses would be the construction of fencing and like permanent obstructions. See *Nishanian v. Sirohi*, 243 Va. 337, 414 S.E.2d 604 (1992); *Robertson v. Bertha Mining Co.*, 128 Va. 93, 104 S.E. 832 (1920). A determination as to what are reasonable uses by both the dominant and servient estates is one of fact. *Hayes, supra.*

The commissioner found that, under the presently existing circumstances, reasonable uses by the defendants include but are not limited to planting and maintaining grass and non-permanent other plantings and temporarily parking their vehicles within the easement to which their fee interest is subject, providing that approximately thirty feet of the easement remains open for the passage of traffic by owners of the dominant estates. The commissioner further found that the purposeful and unnecessary running of their vehicles over that portion of the easement, again under existing circumstances, devoted to the above uses was unreasonable.

In *Hill v. Hill*, 227 Va. 569, 567-568, 318 S.E.2d 292, 296-297 (1984), the Supreme Court elucidated the principle that:

> While the report of a commissioner in chancery does not carry the weight of a jury's verdict, Code § 8.01-610, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence. This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence . . . .

This principle has been quoted and approved more recently in *Morris v. United Va. Bank*, 237 Va. 311, 337-338, 377 S.E.2d 611, 614 (1989), and *Jarvis v. Tonkin*, 238 Va. 115, 121, 300 S.E.2d 900, 904 (1989).

The foregoing findings by the commissioner are the subject of plaintiff's exceptions 8 and 9. In accordance with the above principles, those exceptions are overruled, the court being of the opinion that the balancing of interests and use set forth by the commissioner are both reasonable and supported by the evidence.

Plaintiff's exception 14 seeks to require the defendants to pay a portion of the costs of a survey completed in January 1992 which was, according to plaintiff, "necessary to establish that the fences constructed by the defendants were . . . within the easement area." The court does not believe

that the survey was necessary, the subdivision plat and house location survey sufficing for the evidentiary issues raised by the pleadings.

Primarily, however, the court notes that any permanent structures erected by the defendants within the easement were removed several months before the plaintiffs filed their action on April 17, 1992. Accordingly, this exception is overruled.

Plaintiff's exception 15 complains that the Commissioner did not require the defendants to pay a portion of plaintiff's attorney's fee and the costs associated with the proceeding. The commissioner evenly divided the costs and recommends that each party bear their own attorney's fees.

In *Lassen v. Lassen*, 8 Va. App. 502, 511, 383 S.E.2d 471, 476 (1989), the court stated:

> An award of attorney's fees is a matter submitted to the trial court's discretion and is reviewable on appeal only for an abuse of discretion. *Graves v. Graves*, 5 Va. App. 426, 435, 357 S.E.2d 554, 558 (1987).

Such an award is "tied to the decision on the merits of the case." *Antonelli v. Antonelli*, 11 Va. App. 89, 95, 396 S.E.2d 698, 701 (1990).

Neither party substantially prevailed in this case. And neither party's actions prior to the initiation of this case can be considered reasonable. The court accepts the commissioner's recommendation and accordingly exception 15 is overruled.

The Commissioner's fee and the costs of the proceeding are approved and are to be equally divided between the parties and are to be paid in full within sixty days of the date of this written opinion.