PRESENT: All the Justices

KIRK SOSEBEE, ET AL.

v. Record No. 190620

OPINION BY
CHIEF JUSTICE DONALD W. LEMONS
JUNE 11, 2020

FRANKLIN COUNTY SCHOOL BOARD


FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
Clyde H. Perdue, Jr., Judge

In this appeal, we consider whether the Circuit Court of Franklin County (the "circuit court") erred when it denied a request for declaratory and injunctive relief to bar enforcement of the local school board's policy requiring parents to provide a birth certificate and proof of residence in the county for any child who is homeschooled.

I. Facts and Proceedings

A. The School Board Policy

The facts of this case are undisputed. This appeal involves a dispute between Kirk and Kristen Sosebee (the "Sosebees"), the parents of K.L.S. and another child, both of whom are "homeschooled," and the Franklin County School Board (the "Board"). On July 10, 2017, the Board amended its Home Instruction Policy (the "Policy") to require parents who notify the Board of their intent to homeschool to "provide a certified copy of the students' birth certificate and proof of residency" for "[s]tudents who have not previously been enrolled in the school division."

B. The Complaint

In May 2018, the Sosebees filed a complaint for declaratory judgment and injunctive relief in the circuit court, alleging the amended Policy was contrary to Code § 22.1-254.1 (the "Homeschool Statute"). The Sosebees requested a declaration that the Board's Policy was "ultra

vires," "inconsistent with [Code] § 22.1-254.1 and violates [Code] § 22.1-78." The Sosebees sought to enjoin the Board "from implementing or enforcing [the Policy] on or after August 15, 2018."

According to their complaint, in June 2017, the Sosebees had "completed a 'Virginia Notice of Intent to Provide Home Instruction' ("Notice") for the 2017-2018 school year." The Superintendent of Franklin County Public Schools ("FCPS") received the Notice prior to the Policy being amended. In August 2017, the Sosebees received a letter from the Superintendent's office requesting a copy of K.L.S.' birth certificate and proof of residency "[b]ecause of a policy change."

Over the next several months, the Sosebees' attorney and the Board's attorney exchanged a series of letters about the Notice. The Sosebees maintained that the Homeschool Statute did "not require the submission of" a "birth certificate and proof of residence." The Board reiterated the requirement to provide the additional documentation. The Board also informed the Sosebees that their "home school application w[as] denied" "[u]ntil FCPS [received] those documents."

The Sosebees responded that Virginia law "does not authorize superintendents to 'approve' notices—merely to receive them—and that there was no question that the Sosebees' notice had been received by the superintendent prior to August 15[, 2017]." The Board then acknowledged "that FCPS can't approve or deny home schooling" but reiterated FCPS' "request for proof of residency" and "a birth certificate" pursuant to the amended Policy. The Board also warned that, "[w]ithout these items, FCPS does not have enough information to acknowledge the homeschool request and [the Sosebees] will be subject to Compulsory Attendance where Court intervention may be warranted."

According to the complaint, in November 2017, the Board determined that the amended Policy would not apply for the 2017-2018 school year because the Sosebees filed their Notice "prior to the new policy going into effect" on July 10, 2017. The Board explained that "the new policy will apply" "for the 2018/2019 school year and future years." The Sosebees planned to provide home instruction for the 2018-2019 school year. They maintained that they were not required by statute to provide the documentation set forth in the amended Policy, so they filed their complaint prior to the August 15, 2018 notice of intent deadline.

## C. The Hearing

In June 2018, the Board filed its answer. The circuit court held an ore tenus hearing in December 2018. Mrs. Sosebee testified that she "submitted a notice of intent to provide home instruction to K.L.S." for the 2018-2019 school year in July 2018 (the "2018 Notice"). The 2018 Notice provided "K.L.S.'s age (6 years old)," included the Sosebees' home address, and indicated that Mrs. Sosebee "possessed a high school diploma or higher." The 2018 Notice also provided "a list of subjects that would be covered during the 2018-2019 school year." Mrs. Sosebee testified that she "ha[d] been providing home instruction to K.L.S. during the 2018-2019 school year." The 2018 Notice was admitted into evidence without objection.

At the conclusion of the hearing, the circuit court denied the declaratory and injunctive relief sought by the Sosebees. In its final order, the circuit court found the Board's "policy requiring a birth certificate and proof of residency for those who notice an intent to home school pursuant to Va. Code § 22.1-254.1 is not contrary to the Code." The circuit court also found the Board "is given statutory authority to create policy pursuant to Va. Code § 22.1-78." The circuit court held that the Board's "policy is not *ultra vires*," and that the Policy addressed the "valid

3

public policy of ensuring the children monitored by the [the Board] are between the ages of five (5) and eighteen (18) and are residents of Franklin County."

The Sosebees appealed to this Court, and we granted an appeal on the following assignments of error:

1. The Circuit Court misconstrued clear statutory language in holding that the School Board's local policy was consistent with Code § 22.1-254.1. Virginia law states that parents may homeschool when they submit a written notice containing certain statutorily-required information to their local public school Superintendent. The Sosebees gave their Superintendent a written notice with this information, and also included their child's name, age, and home address. The School Board adopted a policy which amends the state's homeschool statute to also require a birth certificate and proof of residency. The power to amend statutes is the power to make law; that power rests squarely and solely with the General Assembly, not school boards.

2. The Circuit Court misconstrued clear statutory language in holding that the School Board's policy was permitted by Code § 22.1-78. School boards may adopt regulations consistent with state statutes for their own government, the management of official business, and the supervision of schools. Code § 22.1-78. The Board's policy rejects notices of intent that otherwise comply with the homeschool statute, but nothing in that statute grants school boards or officials any discretion over the content of homeschool notices.

3. The Circuit Court erred in holding that the Board's local policy was not *ultra vires* and that it was permissible because it furthered public policy. School boards only possess powers granted by the General Assembly expressly or by necessary implication. A policy that goes beyond those powers, or criminalizes lawful conduct, is *ultra vires*. The Board's policy threatens families who submit all statutorily-required information with prosecution, unless they also submit a birth certificate and proof of residency.

## II. Analysis

### A. Standard of Review

"Statutory interpretation presents a question of law, which we review de novo."

*Chamberlain v. Marshall Auto & Truck Ctr., Inc.*, 293 Va. 238, 242 (2017). We also review the

4

circuit court's "application of law to undisputed facts de novo." *Id.* Additionally, the "decision whether to grant [or deny] injunctive relief . . . will not be disturbed on appeal unless it is plainly wrong." *Nishanian v. Sirohi*, 243 Va. 337, 340 (1992).

### B. Code § 22.1-254.1

The General Assembly has set forth the requirements for providing home instruction of children in Code § 22.1-254.1. We turn first to whether the Board's Policy is consistent with this statute. Code § 22.1-254.1 provides in relevant part:

A. When the requirements of this section have been satisfied, instruction of children by their parents is an acceptable alternative form of education under the policy of the Commonwealth of Virginia. Any parent of any child who will have reached the fifth birthday on or before September 30 of any school year and who has not passed the eighteenth birthday may elect to provide home instruction in lieu of school attendance if he (i) holds a high school diploma; (ii) is a teacher of qualifications prescribed by the Board of Education; (iii) provides the child with a program of study or curriculum which may be delivered through a correspondence course or distance learning program or in any other manner; or (iv) provides evidence that he is able to provide an adequate education for the child.

B. Any parent who elects to provide home instruction in lieu of school attendance shall annually notify the division superintendent in August of his intention to so instruct the child and provide a description of the curriculum, limited to a list of subjects to be studied during the coming year, and evidence of having met one of the criteria for providing home instruction as required by subsection A. Effective July 1, 2000, parents electing to provide home instruction shall provide such annual notice no later than August 15. Any parent who moves into a school division or begins home instruction after the school year has begun shall notify the division superintendent of his intention to provide home instruction as soon as practicable and shall thereafter comply with the requirements of this section within 30 days of such notice. The division superintendent shall notify the Superintendent of Public Instruction of the number of students in the school division receiving home instruction.

5

C. The parent who elects to provide home instruction shall provide the division superintendent by August 1 following the school year in which the child has received home instruction with either (i) evidence that the child has attained a composite score in or above the fourth stanine on any nationally normed standardized achievement test, or an equivalent score on the ACT, SAT, or PSAT test or (ii) an evaluation or assessment which the division superintendent determines to indicate that the child is achieving an adequate level of educational growth and progress . . . .

"When the language of a statute is unambiguous, we are bound by the plain meaning of that language." *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007). Additionally, "we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." *Id.*

The first sentence of Code § 22.1-254.1 makes it clear that this statute sets forth the requirements parents must meet in order to homeschool their children, and compliance with those requirements is sufficient to establish "an acceptable alternative form of education" in the Commonwealth. Central to this appeal is the notice requirement found in subsection B, which provides that "[a]ny parent who elects to provide home instruction in lieu of school attendance shall annually *notify* the division superintendent" of his intention to do so "no later than August 15" for the coming academic year in which the home instruction will occur. Code § 22.1-254.1(B) (emphasis added). A parent's annual notice of intent to homeschool must include "a description of the curriculum, limited to a list of subjects to be studied during the coming year," and "evidence of having met one of the criteria for providing home instruction as required by subsection A." *Id.* In addition to providing evidence of satisfying one of the "criteria for providing home instruction," the statute requires the parent to submit evidence of a child's educational progress to the division superintendent at the end of the school year. Code § 22.1-254.1(C).

Accordingly, if a parent satisfies the notice requirement and meets the two evidentiary requirements, then she is statutorily authorized to homeschool her child. There is no statutory requirement that a parent provide a child's birth certificate or proof of residency. Code § 22.1-254.1. Therefore, we hold the Board's Policy requiring such documentation is inconsistent with Code § 22.1-254.1.

## C.  Code § 22.1-78

We next turn to the trial court's holding that the Board had the authority to establish its Policy pursuant to Code § 22.1-78. That statute provides:

> A school board may adopt bylaws and regulations, not inconsistent with state statutes and regulations of the Board of Education, for its own government, for the management of its official business and for the supervision of schools, including but not limited to the proper discipline of students, including their conduct going to and returning from school.

Code § 22.1-78.

School boards only have those powers expressly granted or necessarily implied by statute. *See Kellam v. School Bd. of City of Norfolk*, 202 Va. 252, 254 (1960) (explaining that school boards "constitute public quasi corporations that exercise limited powers and functions of a public nature granted to them expressly or by necessary implication, and none other"). Article VIII, Section 7 of the Constitution of Virginia grants school boards the general power of "[t]he supervision of schools in each school division." The authority delegated to school boards under Code § 22.1-78 is limited in nature. As relevant to this appeal, a school board may adopt regulations "not inconsistent with state statutes . . . for the supervision of schools." Code § 22.1-78. As we have stated above, the Policy is inconsistent with Code § 22.1-254.1.

Upon examination of the relevant statutes and constitutional provisions, it is clear that a school board's authority to adopt regulations "for the supervision of schools" means for the

7

supervision of public schools, not home instruction. The Homeschool Statute is codified in Chapter 14 of Title 22.1 of the Code. That chapter begins with Code § 22.1-254, which draws a distinction between "public schools" and "home instruction . . . as described in § 22.1-254.1." *See* Code § 22.1-254(A). Additionally, the sections surrounding Article VIII, Section 7 apply to public schools. *See, e.g.*, Va. Const. art. VIII, §§ 1 through 8. Accordingly, we hold the Board did not have authority to adopt its Policy pursuant to Code § 22.1-78 because that statute only allows school boards to adopt regulations for the supervision of public schools.

## III. Conclusion

For the reasons stated, we will reverse the judgment of the circuit court and remand this case for entry of a judgment declaring that the amended Policy is inconsistent with Code § 22.1-254.1, and entry of an injunction enjoining the Board from enforcing the amended Policy.

*Reversed and remanded.*