*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

EVAN LINDSEY KERR,

        Defendant-Appellant.

UNPUBLISHED
December 16, 2024
11:08 AM

No. 368909
Branch Circuit Court
LC No. 2022-073506-FH

Before: GARRETT, P.J., and RICK and MARIANI, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his sentence of 39 to 60 months' imprisonment for operating a vehicle while intoxicated (OWI) causing serious impairment of a body function, MCL 257.625(5)(a). We affirm.

## I. FACTUAL BACKGROUND

Defendant failed to stop at a stop sign and collided with another car driven by the victim in this matter, James Wagenknecht. The impact of the collision flipped Wagenknecht's car, causing him to be thrown from the vehicle. He was airlifted to a nearby hospital after sustaining serious injuries.

Following the accident, defendant submitted to a blood test, which returned a positive result for methadone and tetrahydrocannabinol (THC), the psychoactive component found in marijuana. Defendant subsequently pleaded no contest to OWI causing serious impairment of a body function, but failed to appear for his sentencing hearing. Defendant was arrested following the issuance of a bench warrant. At sentencing, Wagenknecht's wife made a victim-impact statement to the trial court, detailing the severity of her husband's injuries. She also read a statement from

---

[1] *People v Kerr*, unpublished order of the Court of Appeals, entered January 30, 2024 (Docket No. 368909).

Wagenknecht, in which he described the serious physical and emotional toll that his injuries took on him.

Defendant's offense variables (OVs) were calculated at 45 points, which corresponded to Level IV, and his prior record variables (PRVs) were calculated at 10 points, which corresponded to Level C. The recommended minimum sentence range for Level IV-C was 5 to 23 months.[2] However, the prosecutor requested that the trial court exceed the sentencing guidelines and instead impose a minimum sentence of 39 months—two-thirds of the five-year statutory maximum.[3] In making this request, the prosecutor noted the severity of Wagenknecht's injuries, as well as the fact that defendant absconded during the judicial proceedings related to this matter. The trial court noted that the sentencing guidelines were advisory and must be balanced against the Legislature's intent to allow a two-thirds sentence, and then explained why it believed the requested 39-month minimum sentence was warranted. Accordingly, the court sentenced defendant to 39 to 60 months' imprisonment, with credit for time served. This appeal followed.

## II. ANALYSIS

Defendant argues that the trial court failed to consider mitigating factors, leading to a disproportionate sentence. We disagree.

This Court reviews all sentences for reasonableness. *People v Posey*, 512 Mich 317, 352; 1 NW3d 101 (2023). "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion" by imposing a sentence that is not "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 459-60; 902 NW2d 327 (2017). See also *Graham v Florida*, 560 US 48, 59; 130 S Ct 2011; 176 L Ed 2d 825 (2010). Proportionality ultimately "is a function of the seriousness of the crime and of the defendant's criminal history." *People v Babcock*, 469 Mich 247, 264; 666 NW2d 231 (2003).

As a preliminary matter, the prosecution argues that MCL 769.34(3)(b) is unconstitutional. The prosecution suggests that this subsection contains mandatory language and that the Michigan Supreme Court invalidated all mandatory provisions of the sentencing guidelines in *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015), and *Steanhouse*, 500 Mich at 459-60. The prosecution did not raise this issue before the trial court or on cross-appeal, instead, raising it for the first time in its responsive brief. Accordingly, the issue is not properly before this Court. See *Booth Newspapers*, *Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993); *People v Hamacher*, 432 Mich 157, 168; 438 NW2d 43 (1989). Further, this Court need not consider the constitutionality of MCL 769.34(3)(b) to resolve the proportionality question. The

---

[2] The Legislature classified OWI causing serious impairment of a body function of another to be a Class E felony, MCL 777.12f, and Level IV-C for a Class E felony has a recommended minimum sentence range of 5 to 23 months in prison, MCL 777.66.

[3] See MCL 257.625(5)(a) (designating OWI causing serious impairment of a body function of another as a felony punishable by up to five years of imprisonment).

contested provision permits a guidelines departure to be based on characteristics that were already considered in determining the sentence range if those characteristics were given inadequate or disproportionate weight.[4] At sentencing, the prosecution argued, and the trial court agreed, that certain offense and offender characteristics *were* given inadequate weight, such that a departure was appropriate. Therefore, we review whether the trial court abused its discretion by making that determination, without considering whether MCL 769.34(3)(b) is constitutional. See *Booth Newspapers*, 444 Mich at 234.

Here, the trial court exceeded defendant's minimum sentencing guideline range by 16 months, electing to sentence him to a minimum of 39 months—two-thirds of the five-year statutory maximum, and the highest possible departure allowed by law. See MCL 769.34(2)(b); *People v Tanner*, 387 Mich 683, 690; 199 NW2d 202 (1972) (holding that a sentence violates the indeterminate sentencing act if the minimum sentence exceeds two-thirds of the maximum). Although a court must consider the sentencing guidelines, the guidelines are advisory. See *Lockridge*, 498 Mich at 365. Accordingly, the trial court was not bound to select a minimum sentence that was within the range provided under the sentencing guidelines. See *id*.

To determine whether a departure sentence is proportionate, a trial court may consider: "(1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight." *People v Dixon-Bey*, 321 Mich App 490, 524-525; 909 NW2d 458 (2017) (quotation marks and citations omitted). When making this determination and sentencing a defendant, a trial court must articulate its rationale for departing from the recommended range. *Id*. at 525; see also MCL 769.34(3)(b).

Defendant's chief argument on appeal is not that the trial court's reasoning and underlying facts were incorrect, but rather that the trial court failed to consider mitigating factors at sentencing, such as that defendant earned a GED and had a positive work history. Defendant also states that his criminal record is relatively minimal, consisting only of misdemeanors, and that he has no prior felonies. Additionally, defendant asserts that he is also a victim in this case, noting that he was in an accident years ago and suffered from the effects of substance abuse in the years that followed. Regarding the instant collision, defendant states on appeal that he attempted to brake at the stop sign, but failed. He adds that he knew his vehicle's brakes were impaired and that he tried to fix them by adding brake fluid. Defendant and his counsel neglected to articulate these or any other mitigating factors at sentencing. Even so, defendant overlooks that "trial courts are not *required* to expressly or explicitly consider mitigating factors at sentencing." *People v Bailey*, 330 Mich

---

[4] The full text of this provision states:

> The court shall not base a departure on an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range *unless* the court finds from the facts contained in the court record, including the presentence investigation report, that the characteristic has been given inadequate or disproportionate weight. [MCL 769.34(3)(b) (emphasis added).]

App 41, 63; 944 NW2d 370 (2019) (emphasis added). Accordingly, the trial court did not abuse its discretion by failing to expressly consider these potentially mitigating factors at sentencing.

Regardless, we conclude that defendant's sentence was reasonable and proportionate. At sentencing, the trial court articulated three primary reasons for its decision to depart from the sentencing guidelines and impose a 39-month minimum sentence: (1) the prior offense scoring guidelines failed to include five of defendant's eight prior offenses; (2) defendant absconded before his sentencing hearing and then obstructed police officers as they tried to apprehend him; and (3) the victim's injuries in this case were significant, numerous, and enduring. Our review of the record indicates that the trial court correctly noted that defendant had a history of misdemeanor driving offenses, some of which were not considered in the PRVs. Additionally, defendant's flight and failure to appear at his first scheduled sentencing hearing was not considered in determining the appropriate sentencing range. In general, a history of absconding, as defendant did here, can provide a substantial and compelling reason to depart from the guidelines. See *People v Harper*, 479 Mich 599, 638; 739 NW2d 523 (2007). We also agree with the trial court that defendant's OV score did not adequately account for Wagenknecht's injuries. In the statement read by Wagenknecht's wife, she described his injuries as follows:

> Injuries from the accident were head trauma with a large hematoma; left eye laceration; trauma to the left eye resulting in later surgery; fractured cervical spine, which was treated by wearing a cervical neck brace for three months; fractured clavicle, several ribs; left lung punctured, resulting needing surgery for a chest tube.

> He was on a ventilator until July, surgery for a trachea, which he had for four months. Kidney trauma, resulting in two months of dialysis; shattered pelvis resulting in four surgeries; blood clots to the right leg; nerve damage to his left and right legs; ankle trauma; dropped foot; right foot which he has to wear a brace to walk. He had bed sores and pneumonia more times than I can count. One of the surgeries to repair his bladder where pieces of his pelvic bone punctured his bladder.

She further described the complications arising out of his injuries and treatment, noting that "three times in the first three months he almost lost his life"—including one instance in which his family was compelled to decide to unplug his ventilator, not knowing whether he would survive. Although Wagenknecht did survive, he has had to undergo surgery and rehabilitation at numerous hospitals, acute care facilities, and specialists over the long course of his treatment. He also had to be put on prescription medication for depression and was seeing a grief counselor to learn to cope with his loss of freedom and mobility. Wagenknecht was still in treatment when the sentencing hearing was held, more than two years after the collision. On the basis of these statements, the trial court correctly found that defendant's score of 25 points for OV 3, MCL 777.33 (physical injury to a victim), did not adequately account for Wagenknecht's life-threatening injuries, "overwhelmingly stated upon the record."

Ultimately, the trial court was not required to consider mitigating factors during sentencing, and we see no error in the court's clearly articulated sentencing rationale. Defendant is therefore not entitled to resentencing.

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Michelle M. Rick
/s/ Philip P. Mariani