**In re Jerry Allen CREGER and Beverly Hay Creger, Debtors.**

**Branch Banking and Trust Company of Virginia, Movant.**

v.

**Charlie R. Jessee, Trustee, Jerry Allen Creger and Beverly Hay Creger, Carl E. McAfee, Trustee, Hansel D. Fleming and Brenda S. Fleming, Respondents.**

Bankruptcy No. 08–70327.
Adversary No. 08–07078.

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

April 17, 2009.

Douglas T. Stark, Spilman, Thomas & Battle, PLLC, Roanoke, VA, for Movant.

Joseph W. Rasnic, Jonesville, VA, William E. Bradshaw, Big Stone Gap, VA, for Respondents.

Jerry Allen Creger, pro se.

Beverly Hay Creger, pro se.

Carl E. McAfee, pro se.

## ORDER

ROSS W. KRUMM, Bankruptcy Judge.

At Roanoke in said District this *17th* day of April, 2009:

The matter before the Court is the Motion for Relief from Stay by Branch Banking and Trust Company of Virginia ("BB & T") and the responses thereto. BB & T seeks to exercise its rights in certain real property and general intangibles of the Debtors, Jerry A. Creger and Beverly H. Creger.

## FACTS

The Cregers became record owners of real property located on Mullins Avenue in Clintwood, Virginia (the "Property") by virtue of a Deed and Bargain of Sale from Hansel D. Fleming and Brenda S. Fleming dated February 10, 2006 (the "Fleming/Creger Deed"). The Property is improved with commercial buildings and a parking area. BB & T loaned the Cregers $240,000.00 as evidenced by a promissory note dated February 10, 2006 (the "BB & T Note"). The Cregers conveyed the Property in trust to secure payment of the BB & T Note pursuant to a credit line deed of trust also dated February 10, 2006 (the "BB & T Deed of Trust"). Both the Fleming/Creger Deed and the BB & T Deed of Trust are properly recorded in the Office of the Clerk of the Circuit Court of Dickenson County. BB & T also possesses a perfected security interest in the Cregers' general intangibles pursuant to a security agreement dated February 10, 2006 and a financing statement filed with the Virginia State Corporation Commission. Further, the Flemings are beneficiaries under a second deed of trust against the Property which secures the Cregers' obligation to the Flemings under a promissory note in the principal amount of $45,000.00.

The Flemings acquired both a 431.33 square foot tract ("Tract No. 1") and a 7,862 square foot tract ("Tract No. 2") on Mullins Avenue in Clintwood, Virginia from Donald Baker by deed dated April 21, 2003 (the "Baker/Fleming Deed"). Tract No. 1 underlies a small portion of the commercial buildings and parking area as illustrated on the surveys attached to BB & T's motion. (BB & T's Mot. for Relief Exs. H & I.) Tract No. 1 is described in the Baker/Fleming Deed solely by reference to a previous deed in the chain of title. Tract No. 2 encompasses the remainder of the buildings and parking area. It is described by a metes-and-bounds description in the Baker/Fleming Deed.

The face of the Fleming/Creger Deed raises a question as to what the parties conveyed. The granting clause[1] in the Fleming/Creger Deed purports to convey property identified by a metes-and-bounds description identical to that of only Tract

---

1. The 'granting clause' is "[t]hat portion of a deed or instrument of conveyance which contains the words of transfer of a present interest." *Black's Law Dictionary* 700 (6th Ed.1990).

No. 2 in the Baker/Fleming Deed. The recital following the granting clause in the Fleming/Creger Deed, however, describes the property transferred as "BEING the same property conveyed to Hansel D. Fleming and Brenda S. Fleming by deed dated the 21st day of April, 2003 from Donald Baker, recorded in the Clerk's Office of the Circuit Court of Dickenson County in Deed Book 386, page 655." (BB & T's Mot. for Relief Ex. B.)

## DISCUSSION

BB & T seeks relief from the automatic stay of 11 U.S.C. § 362(a) to obtain possession of the Property and to exercise its contractual and statutory rights under the BB & T Deed of Trust. BB & T also seeks to exercise its rights under the security agreement granting it a security interest in the Cregers' general intangibles. BB & T asserts that its security interest encompasses the Cregers' cause of action for reformation of the Fleming/Creger Deed and the BB & T Deed of Trust to also convey Tract No. 1. The parties request this Court to determine, and were directed by this Court's Order of January 9, 2009 to file memoranda addressing, the following issues:

A) Does [Tract No. 1] constitute property of the Debtors' estate subject to administration by the Trustee; and,

B) What is the consequence, if any[,] of the security interest in "general intangibles" asserted by BB & T?

(Jan. 9, 2009 Order 2.) This contested matter was designated as an adversary proceeding by Order dated January 13, 2009.

### I. *Does Tract No. 1 Constitute Part of the Cregers' Bankruptcy Estate?*

This Court must first determine whether Tract No. 1 constitutes property of the Cregers' bankruptcy estate subject to administration by the Trustee. To ac-complish this, the Court must ascertain whether the Fleming/Creger Deed granted Tract No. 1 to the Cregers under Virginia law. This Court holds that the particular description of the property conveyed in the granting clause controls and that the Cregers only acquired legal title to Tract No. 2.

In Virginia, whether a contract or deed is ambiguous is a question of law. *Pocahontas Mining LLC v. CNX Gas Co., LLC,* 276 Va. 346, 352, 666 S.E.2d 527, 530 (2008) (citations omitted). "An ambiguity exists when the contract's language is of doubtful import, is susceptible of being understood in more than one way or of having more than one meaning, or refers to two or more things at the same time." *Id.* at 352–53, 666 S.E.2d at 531 (citations omitted). Mere disagreement by the parties over a contract's terms is not evidence of an ambiguity. *Id.*

To resolve an ambiguity the court must first consider "the parties' intention, which should be ascertained, whenever possible, from the language the parties employed in their agreement." *Id.* at 352, 666 S.E.2d at 531 (citations omitted). The document must be considered as a whole, and when it "is clear, unambiguous, and explicit, a court asked to interpret such a document should look no further than the four corners of the instrument." *Id.* at 353, 666 S.E.2d at 531 (citations omitted). Extrinsic evidence of intent is inadmissible where the writing is unambiguous. *Va. Elec. & Power Co. v. N. Va. Regional Park Authority,* 270 Va. 309, 316, 618 S.E.2d 323, 326 (2005).

In this case, the controlling question is whether a deed with a particular description in the granting clause that conflicts with a later recital is ambiguous under Virginia law. If the later recital renders the Fleming/Creger Deed ambiguous, extrinsic evidence of the parties' intent should be considered by this Court.

■ Under Virginia law, the granting clause prevails over other portions of the deed. The Virginia Supreme Court held that "where there is an irreconcilable conflict between the granting clause and other parts of the deed, and it is impossible to discover with reasonable certainty the intention of the parties, the common law rule continues to apply and the granting clause prevails." *Goodson v. Capehart*, 232 Va. 232, 236, 349 S.E.2d 130, 133 (1986). Here, the granting clause conveys to the Cregers real property particularly described with a metes-and-bounds description identical to Tract No. 2 in the Baker/Fleming Deed. This particular description set forth in the granting clause should therefore prevail over the conflicting reference set forth in the later recital.

The Supreme Court of New Hampshire considered the same issue before this Court in a case almost factually identical to the case at bar.[2] It held that "[w]here the description by metes and bounds is unambiguous, the added clause 'being the same' creates no ambiguity." *Finlay v. Stevens*, 93 N.H. 124, 130, 36 A.2d 767, 771 (1944) (*citing Malette v. Wright*, 120 Ga. 735, 741, 48 S.E. 229, 231 (1904)). The *Finlay* court noted that "the same" could be interpreted as "part of the same" or "all of the same." *Id.* In light of the factual situation, the court ultimately read "the same" to be "part of the same" because "[n]o ambiguous reference is to be explained so as to

create an ambiguity where there is a complete and unambiguous particular description." *Id.* The court cited two Virginia Supreme Court cases in support of its holding. *Id.* (*citing Gaskins v. Hunton*, 92 Va. 528, 531, 23 S.E. 885, 886 (1896); *Glenn v. Augusta Perpetual Bldg. & Loan Co.*, 99 Va. 695, 701, 40 S.E. 25, 27 (1901)).

■ This Court agrees with the court's holding in *Finlay* and believes that such a rule is consistent with Virginia precedent. A particular description of property in the granting clause should prevail over a later, conflicting recital. Holding otherwise would be repugnant to the rule of deed construction in Virginia providing that the granting clause is paramount to any other part of a deed. Here, the metes-and-bounds description in the Fleming/Creger Deed embraced only the real property identified as Tract No. 2 on the Baker/Fleming Deed. This unambiguous particular description prevails over the later recital. Therefore, the Cregers acquired legal title to only Tract No. 2 by virtue of the Fleming/Creger Deed.[3] This Court holds that Tract No. 1 is not part of the Cregers' bankruptcy estate and is not subject to administration by the Chapter 7 Trustee.

## II. What is the Consequence of BB & T's Security Interest in the Cregers' 'General Intangibles'?

The parties also requested that this Court determine the consequence, if any,

---

2. In *Finlay v. Stevens*, 93 N.H. 124, 36 A.2d 767 (1944), real property was conveyed in two separate transactions: from ALL to ARL, then from ARL to SJ. *Id.* at 128, 36 A.2d 767. The first deed described tracts C and D by metes-and-bounds descriptions and conveyed both tracts from ALL to ARL. Both descriptions were clear and unambiguous. *Id.* A second deed memorialized the conveyance from ARL to SJ. *Id.* The second deed conveyed property with a particular description identical to that of tract C in the first deed, but did not include a particular description of tract D.

*Id.* However, after the metes-and-bounds description in the second deed is the recital, "Being the same premises conveyed to the said [ALR] by deed of [ALL] dated May 26, 1886," followed by a citation to its record. *Id.*

3. All the parties agree that legal title to Tract No. 1 remains with the Flemings. (BB & T's Mot. for Relief ¶ 8; Trustee's Resp. ¶ 2; Flemings' Resp. ¶ 2.)

of the security interest in the Debtors' general intangibles asserted by BB & T. BB & T argues that it may pursue the Debtors' action for reformation of the Fleming/Creger Deed if the Court determines that such cause of action is a general intangible. This Court believes, however, that resolution of this issue is inapposite.

■ In Virginia, the beneficiary under a deed of trust has an independent cause of action for reformation of the grantor's deed where the grantor is entitled to such relief. *See Puckett v. Campbell*, 151 Va. 213, 144 S.E. 434 (1928). The Supreme Court of Virginia in *Puckett* held that "[a] mortgagee stands in the shoes of a purchaser for value and is entitled to reformation." *Id.* at 216, 144 S.E. at 435 (internal quotation marks and citation omitted) (holding that a beneficiary under a deed of trust was entitled to reformation of the grantor's deed); *see Miners Exchange Bank v. Woodruff (In re Woodruff)*, 213 B.R. 114, 115 (Bankr.W.D.Va.1997) (reforming deed of trust executed by the debtors for mutual mistake of fact upon the complaint of the secured creditor). BB & T therefore has an independent cause of action for reformation of the Fleming/Creger Deed and does not need to rely upon its perfected security interest in the Cregers' general intangibles to obtain such relief.

■ This Court may reform the deed in question. Courts in equity have jurisdiction to reform written agreements that fail to reflect the intentions of the parties due to a mutual mistake of fact. *See Blackshear v. Reliance Std. Life Ins. Co.*, 509 F.3d 634, 642 (4th Cir.2007). A bankruptcy court may grant such equitable relief pursuant to 11 U.S.C. § 105 if "necessary or appropriate to carry out the provision[s] of this title." *Miners Exchange Bank v. Woodruff (In re Woodruff)*, 213 B.R. 114, 115–16 (Bankr.W.D.Va. 1997) (*citing* 11 U.S.C. § 105). "Reformation 'provides relief against a mistake of fact in a written instrument' where clear and convincing evidence demonstrates that 'both parties [enter into a written agreement] mistakenly believing it reflects their antecedent bargain.'" *Tiger Fibers, LLC v. Aspen Specialty Ins. Co.*, 594 F.Supp.2d 630, 643 (E.D.Va.2009) (alteration in original) (*quoting Ward v. Ward*, 239 Va. 1, 5, 387 S.E.2d 460, 462 (1990) (*citing Gibbs v. Price*, 207 Va. 448, 449–50, 150 S.E.2d 551, 552 (1966))). Reformation is thus available even where the written instrument is itself clear and unambiguous. *See Woodruff*, 213 B.R. at 115.[4] To prevail on a claim for reformation "on the ground of mutual mistake, the proof must be clear and satisfactory, leaving but little, if any, doubt of the mistake." *Gibbs*, 207 Va. at 450, 150 S.E.2d at 552; *see also Blackshear*, 509 F.3d at 642 ("The party seeking reformation of the contract must present evidence that is 'clear, precise, convincing and of the most satisfactory character that a mistake has occurred and that the mistake does not reflect the intent of the parties.'" (*quoting Int'l Union v. Murata Erie N. Am., Inc.*, 980 F.2d 889, 907 (3d Cir.1992))).

---

**4.** *Woodruff* involved three separate conveyances. *Miners Exchange Bank v. Woodruff (In re Woodruff)*, 213 B.R. 114, 115 (Bankr. W.D.Va.1997). First, V conveyed two parcels to W. *Id.* Second, W conveyed Parcel # 1 to B, however, both parties intended that W convey Parcel # 2. *Id.* Third, W conveyed Parcel # 2 to H, however, both parties intended that W convey Parcel # 1. *Id.* Although the deeds were facially clear and unambiguous, the bankruptcy court exercised its authority under section 105 of the Bankruptcy Code to reform both deeds to allow the secured creditor to enforce its lien rights in the intended property.

■ In this case, the reformation of the Fleming/Creger Deed and the BB & T Deed of Trust to include Tract No. 1 may yield an equity to the estate for the benefit of the creditors. The Trustee pled to this in his response. (Trustee's Resp. ¶ 14.) On the other hand, if reformation is denied the value of the Property may be depreciated such that there is no equity, thereby dictating the granting of relief from the automatic stay in favor of BB & T. The valuation of the Property will determine whether any portion thereof is subject to administration by the Trustee in bankruptcy for the benefit of the creditors. This Court may therefore entertain BB & T's claim for reformation because of its potential impact on the administration of the bankruptcy estate.[5]

## CONCLUSION

The Fleming/Creger Deed conveyed to the Cregers only Tract No. 2. Legal title to Tract No. 1 remains with the Flemings and is not property of the Cregers' bankruptcy estate. BB & T possesses an independent cause of action for reformation of the Fleming/Creger Deed and the BB & T Deed of Trust if the parties intended that both Tract No. 1 and Tract No. 2 be conveyed to the Cregers and a mutual mistake of fact led to the execution of a deed erroneously conveying only Tract No. 2. As an action for reformation will have an impact on the bankruptcy estate, this Court has the authority under section 105 of the Bankruptcy Code to reform such deed. Further evidence is needed before this Court can determine whether reformation is appropriate. Accordingly, it is:

## ORDERED:

That a pretrial conference will be conducted on *April 28, 2009 at 11:45 a.m.* by telephone conference call. All parties shall use the Court's conference telephone number *540–769–8744.*

Copies of this Order are directed to be sent to the Debtors, Jerry Allen Creger and Beverly Hay Creger, P.O. Box 117, Clintwood, VA 24228; to counsel for BB & T, Douglas T. Stark, Esq., Spilman Thomas & Battle, PLLC, P.O. Box 90, Roanoke, VA 24002; to counsel for the Flemings, William E. Bradshaw, Esq., 302 Shawnee Avenue, P.O. Box 267, Big Stone Gap, VA 24219; and to counsel for the Trustee, Joseph W. Rasnic, Esq., 8 Main Street, P.O. Box 864, Jonesville, VA 24263.

---

**5.** This Court has jurisdiction over BB & T's cause of action for reformation pursuant to 28 U.S.C. §§ 157(b) and 1334 as such action is a core proceeding affecting the administration of the bankruptcy estate. *See Miners Ex-* *change Bank v. Woodruff (In re Woodruff),* 213 B.R. 114, 115 (Bankr.W.D.Va.1997) (exercising jurisdiction over secured creditor's cause of action to reform a deed of trust executed by the debtors for mutual mistake of fact).